INA CHADWICK, Appellant, v. GRANT INDEPENDENT SCHOOL DISTRICT OF BRADFORD TOWNSHIP, CHICKASAW COUNTY, Appellee.

No. 47005.

JUNE 17, 1947.

E. P. Donohue and E. B. Wilkins, both of New Hampton, for appellant.

John H. Howard, of New Hampton, for appellee.

MULRONEY, J.—The plaintiff, a schoolteacher in the defendant school district, sued the district for $330 damages, being the unpaid balance due on her contract to teach for a

school term. The defendant answered that plaintiff had been discharged for incompetency by the board of directors at a special meeting, after a "full and fair investigation," and that plaintiff was present at said meeting and presented her defense. Plaintiff's reply alleged a failure of compliance with section 279.24, Code, 1946, in the matter of discharging her as teacher. The action was tried to the court, resulting in the following finding by the court:

"That the requirements of Code section 4237 of the 1939 Code [section 279.24, Code, 1946] were attempted to be complied with though in an informal manner by the board, the proceedings were held and the teacher discharged."

Upon this finding the court rendered judgment for defendant and overruled plaintiff's motion for judgment notwithstanding verdict, stating:

"The court is of the opinion that the evidence and proof adduced in the trial of said cause supported the judgment heretofore entered."

Plaintiff appeals.

Section 279.24, Code, 1946, provides as follows:

"The board may, by a majority vote, discharge any teacher for incompetency, inattention to duty, partiality, or any good cause, after a full and fair investigation made at a meeting of the board held for that purpose, at which the teacher shall be permitted to be present and make defense, allowing him a reasonable time therefor."

Chapter 290, Code, 1946, provides for appeal to the county superintendent by a person aggrieved by a board decision and from the county superintendent to the state superintendent.

We held in Schrader v. Cameron Twp. Sch. Dist., 221 Iowa 799, 804, 266 N. W. 473, 476:

"* * * if section 4237 is disregarded and a teacher is discharged, then she can maintain an action at law for her salary; if, on the other hand, the aforesaid section is complied with, then she has no right to maintain the action at law in the first instance, but must appeal to the county superintendent. This

has been the trend of all our later decisions. We think this rule is clear cut and is in accordance with the holdings of the court, regardless of the holding in the Kirkpatrick case, 53 Iowa 585, 5 N. W. 750.''

Pursuant to the above rule, which we reaffirm, the only issue in this case was whether there was sufficient compliance with section 279.24, Code, 1946. The trial court found there was and we agree with its conclusion. The record shows that one of the school directors told plaintiff on March 4, 1945, that he had received complaints of her method of teaching from the parents of all the children in the school to the effect that they were not any of them satisfied; that he told her in all fairness to the children and their parents she should resign. He saw her again on March 6th and asked her if she would resign, and when she said she would not resign he told her that she was to be present at a special meeting of the school board the next night at the city hall and she could have anyone else there she wanted to have present and that the parents in the district would be there: ''those that had any complaints or anything to say for or against her would be there and also the members of the board.''

The record shows, as the trial court pointed out in its findings, that:

''Plaintiff attended the meeting on March 7th when all the board members and all the parents, except one, were present. The meeting was conducted by the secretary, who announced the purpose of the meeting. The plaintiff took part in the discussion and was present when the board voted unanimously for the discharge of plaintiff.''

This record shows there was substantial compliance with the statute. Appellant argues that there were no charges made against the plaintiff; that she was told the meeting was to hear the complaints; and that the board's action in discharging her at this meeting was therefore void. She was told that every parent in the district was complaining of her teaching; of her method of teaching. This was about as specific a complaint of incompetency as the complaint in Schrader v. Cameron, supra,

at page 802 of 221 Iowa, page 475 of 266 N. W., which was: " 'Miss Schrader is not giving satisfaction. She don't keep no government on the children while at school'." This was signed by twelve of the patrons of the school. We pointed out in the Schrader case that proceedings under this statute "cannot be carried out with the formality of the usual court proceedings" and that the purpose of the statute "is to ignore the set procedure of courts in matters of this kind, and to summarily investigate the charges that are before the board, to the end that the board may intelligently act thereon."

We think this case is ruled by our decision in Schrader v. Cameron, supra. In both cases the complaint was that the teacher was not giving satisfaction and in both cases the teacher appeared before the board. The complaint was sufficient to warrant the discharge on the ground of incompetency in the Schrader case and we think the same result should follow here. In the Schrader case we recognized there was some conflict in our earlier decisions and it will be noted the trial court's findings in this case follow a statement in the Schrader case. There we said at page 804 of 221 Iowa, page 476 of 266 N. W.:

"* * * where the board has attempted to comply with the aforesaid section and the teacher appears and participates in the proceedings, and is then discharged by the board, she must appeal to the county superintendent."

Appellant here asks that there be a clearer statement of the rule. A more general statement of the rule would be that in all cases there must be a substantial compliance with section 279.24, Code, 1946, before the teacher's discharge will bar her action for breach of contract. The trial court, in ruling on the motion for judgment notwithstanding verdict, held the evidence supported the judgment entered. We are of the same opinion, and the judgment is therefore affirmed.—Affirmed.

OLIVER, C. J., and SMITH, HALE, BLISS, MANTZ, GARFIELD, and HAYS, JJ., concur.