C. G. VAN PEURSEM, Appellant, v. CONSOLIDATED INDEPENDENT SCHOOL DISTRICT OF LAURENS et al., Appellees.

No. 47479.

(Reported in 38 N. W. 2d 615)

August 5, 1949.

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, and Loth & Melton, of Fort Dodge, for appellant.

Cornwall & Cornwall, of Spencer, and Allen & Beneke, of Laurens, for appellees.

WENNERSTRUM, J.—Plaintiff, in his petition filed in the district court sought a declaratory judgment to determine his rights and status as principal and teacher in the Consolidated Independent School District of Laurens, Iowa, for the 1948-49 school year. The petition asked for a determination by the court of the plaintiff's right to the salary claimed to be due him and also asked that an injunction issue against the defendants thereby preventing them from interfering with his acting as principal and teacher. The trial court held that the services of the plaintiff had been properly terminated, in keeping with the provisions of the statute, and that he was not entitled to a writ of mandamus or injunction. He has appealed.

The appellant's action is based upon his claimed right to retain his position as school principal under the provisions of section 279.13, 1946 Code. This statute provides for the automatic continuance of employment of a teacher under certain

conditions. The appellees, by motion, sought to strike various provisions of appellant's petition on the grounds (1) that appellant is not entitled to any affirmative relief; (2) that his remedy, if any, is by an action at law and (3) that the relief sought is an attempt to interfere with the discretionary powers of the school board, is against public policy and is an unlawful and unreasonable interference with the operation of the school. The appellees in their answer denied the allegations of appellant's petition and maintained that he was legally discharged under the provisions of Code section 279.24. This statute provides the manner in which a teacher's contract may be terminated. The issues involved in the motion, as well as those of the answer, were submitted with the case.

The trial court in its written findings of fact, conclusions of law and decree held that (1) the appellant was legally discharged; and (2) the appellant's only remedy was an appeal to the county superintendent under section 290.1, 1946 Code, within thirty days after his discharge, which appeal the appellant had failed to perfect. For the reasons stated the trial court denied appellant the relief asked and dismissed his petition.

The trial court filed well prepared findings of fact, conclusions of law and a decree and from them, and the record as reviewed, we find the following basic facts. The appellant, at the time of the trial, was thirty-seven years of age, had been teaching for twelve years and began his employment in the Laurens High School commencing with the school year of 1946. In April 1947 he was re-employed by the school district for the year 1947-48 by a written contract. In March 1948 complaints and rumors relative to the appellant's services developed which information apparently was brought to his attention. He conferred with several of the members of the school board concerning these matters. On March 23, 1948, the board adopted a salary schedule for the school year 1948-49 which provided for an increase of $250 in appellant's annual salary if employed for the coming year. Upon this salary schedule there was printed and endorsed the following: "Contracts are due April 15th. No one will be released from their contract after they are signed." At the school board meeting of April 5, 1948, the

teachers' contracts for the coming year were discussed and the secretary was instructed to prepare them, which he did. He then delivered them to the superintendent for distribution to the teachers for their signature. The proposed contract for the appellant was delivered to him. At that time it had not been signed by the board. It is shown by the testimony of the superintendent that twice before April 15 he advised the appellant that the contract was due to be returned and signed by April 15. It is further disclosed that the appellant was not satisfied with the salary increase and that he stated he would like to talk to the board about the matter. The school board held a regular meeting on May 3, 1948, at which time the appellant was not present. At that meeting the teachers' contracts were again discussed and particularly the contract with the appellant. The board was advised by the superintendent at this meeting that the appellant had not signed or returned his proposed contract. The board discussed the several criticisms, complaints and rumors relative to the appellant's attitude and manner of school administration and it was the general conclusion of the board that because of these facts and the appellant's failure to sign the contract it would be for the best interest of all concerned if his employment was terminated at the close of the school year. The superintendent was directed to so advise the appellant. It is shown that on the next day, May 4, the superintendent informed the appellant of the information and direction given him by the school board. The statement of the trial court concerning this phase of the testimony is: "In effect, the board was withdrawing from his consideration the proposed contract * * * previously tendered him; and Mr. Van Peursem, as a result of this conversation must so have understood."

The original minutes of the meeting of the school board of May 3 made no reference to the appellant and the consideration given to his employment by the board. It is the testimony of various members that it was determined that no reference to their attitude concerning the appellant should be set out in the record in order to avoid anything that would prejudice or embarrass him in his obtaining employment at some other place. It is further shown that on or about May 5 the appellant signed the

contract presented to him for the coming year and two days later delivered it to the superintendent who in turn informed the president of the school board that it had been signed and that the appellant desired to meet with the board. A special meeting of the school board was called for May 12 and the superintendent informed appellant of this proposed meeting on the morning of·that day. At the commencement of this meeting, which was held in the evening, the president of the school board made the following statement: "Mr. Van Peursem, this is most embarrassing, but this meeting has been called for the purpose to discuss with you the fact that your services are to be terminated at the end of this year."

The entire period of the meeting, which lasted at least an hour and a half, was devoted to a discussion of the criticisms, and complaints concerning the. appellant. These complaints were relative to the appellant's inability to co-operate and his method of maintaining discipline. From the testimony of the various school board members it is shown that they felt his lack of ability to handle certain school situations resulted in a detrimental influence to the school and the district and that it would be to the interest of the appellant and the district if his employment should be terminated at the end of the school year. No motion or resolution formally discharging the appellant for cause or terminating his employment was presented to the board. However, each member present expressed his or her views concerning the appellant and his relations with the school district.

The original minutes of the. May 12 meeting include the following statement: "* * * Mr. C. G. Van Peursem met with the board and discussed with the board the possibility of his teaching for the coming year. He was advised by the board that it would be for the best interests of all concerned if he were not rehired." It is shown that after the appellant left the meeting the various board members discussed what should be incorporated in the minutes and it was determined that they should be so written that they would not prejudice appellant's ability to get a position elsewhere. On August 25, 1948, the appellant filed his petition in this cause. Thereafter on August 28, 1948, the board met for the purpose of amending the minutes

of May 3 and May 12. The trial court held that these amended minutes were more or less self-serving and a conclusion and in certain respects contradictory to the testimony of some of the board members. It held that these proposed amendments adopted August 28, 1948 need not be and were not considered by the trial court. There was other evidence presented covering details of the various meetings and the appellant's employment but the facts heretofore set forth substantially cover the controversial issues involved.

It is conceded by the appellees that the appellant was not served with notice prior to .April 15, 1948, as provided for in section 279.13, 1946 Code, for the purpose of terminating his prior contract. It is further conceded appellant had whatever rights he legally had under his previous contract and that the school district was bound thereby. It is also conceded by the appellees that these rights continued until the appellant was discharged on May 12. By reason of the concessions made we shall not incorporate the provisions of section 279.13, 1946 Code.

However, inasmuch as the appellees maintain that appellant's services were terminated in the manner provided by the statute we set out the applicable law—section 279.24, 1946 Code:

"The board may, by a majority vote, discharge any teacher for incompetency, inattention to duty, partiality, or any good cause, after a full and fair investigation made at a meeting of the board held for that purpose, at which the teacher shall be permitted to be present and make defense, allowing him a reasonable time therefor."

The appellees in their written brief further concede that if the appellant was discharged from an existing legal contract by the school district without first complying with the provisions of the statute last quoted no appeal to the county superintendent is required and the teacher may bring an action at law for damages. The appellees, however, contend that they complied with the provisions of the statute. It is necessary for us to determine whether the facts as presented bring the acts of the school board within the provisions of the statute.

I. It is appellant's contention that his discharge occurred on May 3 and that inasmuch as the provisions for notice and

hearing, as provided for in section 279.24, 1946 Code, were not followed the claimed discharge on that date was illegal and therefore reviewable in the courts. The minutes of the school board for that meeting do not disclose that any action was taken in regard to the termination of appellant's employment. Like-wise the evidence relative to this meeting does not warrant the conclusion that any action was taken that could constitute a discharge. It is true that there was a discussion relative to appellant's employment for the coming year and that the sentiment was expressed that it would be for the best interests of all concerned if the appellant's services were terminated with the end of the school year. It is apparent that the school board was endeavoring to avoid a situation where its actions would reflect adversely to appellant's obtaining employment elsewhere and that they were anticipating that he would resign and thereby preclude the necessity of any formal action being taken against him. We cannot conclude, as is contended by the appellant, that the action on May 3 was a finality and that the meeting on May 12, at which time the appellant was present, merely confirmed and reiterated the decision reached at the prior meeting. The fact that appellant sought and appellées agreed to a meeting for May 12 definitely indicates that both parties did not consider that the meeting of May 3 had definitely settled the question of the termination of appellant's contract.

II. It is the contention of the appellees that the provisions of section 279.24, 1946 Code were complied with as to notice and hearing. This court has heretofore interpreted this statute and has held that there must be a substantial compliance with it before the teacher's discharge would bar an action for breach of contract. Chadwick v. Grant Independent School District, 238 Iowa 498, 500, 28 N. W. 2d 32. Where all the members of the board are present, as well as the teacher, and the complaints then before the board are considered and the teacher participates in the meeting it has been held that any want of notice or defect of notice is not material. Schrader v. Cameron Township School District, 221 Iowa 799, 804, 266 N. W. 473, citing Sanderson v. Board of School Directors, 211 Iowa 768, 234 N. W. 216. It was also held in the Schrader case that where

an attempt has been made to comply with section 279.24 by the holding of a meeting by the board with the teacher participating and she was thereafter discharged an appeal must be taken to the county superintendent under the provisions of the statute (section 290.1, 1946 Code) and that a teacher thus aggrieved by the action of the board under such circumstances has no right to maintain an action at law. Burkhead v. Independent School District, 107 Iowa 29, 31, 77 N. W. 491; Courtright v. Consolidated Independent School District, 203 Iowa 26, 212 N. W. 368.

Under the facts as presented in this present appeal, and as applied to the authorities heretofore set forth, we have concluded there was a substantial compliance with the statute as to the termination of appellant's contract and that by reason of appellant's participating in the meeting of May 12 a formal notice of the hearing and meeting of that date was not necessary.

III. It is claimed that the appellees had by their meeting of May 3 predetermined the questions and issues claimed to have been decided by the meeting of May 12. It is maintained that by their actions they became both prosecutors and judges. The answer to this contention is that the legislature provided for this procedure. Chehock v. Independent School District, 210 Iowa 258, 260–262, 228 N. W. 585; Courtright v. Consolidated Independent School District, 203 Iowa 26, 29, 212 N. W. 368. If he did not approve of the decision of the board the appellant could have appealed to the county superintendent. He failed to do so and thus was prevented from a further review under the present record.

It is our conclusion that the trial court was correct in dismissing appellant's petition and action. The authorities cited by appellant are not applicable to the facts presented in this case.

We therefore affirm.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.