Norma **SCHEELHAASE**, Plaintiff,

v.

**WOODBURY CENTRAL COMMUNITY SCHOOL DISTRICT et al.,** Defendants.

Civ. No. 71-C-3029-W.

United States District Court, N. D. Iowa, W. D.

Nov. 2, 1972.

Harry H. Smith, Sioux City, Iowa, John R. Hearn, Marvin R. Adams, Des Moines, Iowa, for plaintiff.

Maurice B. Nieland, Lowell C. Kindig, Sioux City, Iowa, for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

McMANUS, Chief Judge.

In this action plaintiff teacher seeks affirmative relief in the form of reinstatement to her former position of employment and damages. After trial to the court, the case was submitted on written briefs and arguments.

### FINDINGS OF FACT

1. Plaintiff was employed as a grade school teacher by the defendant Woodbury Central Community School District (Board) from 1960 to 1970.

2. At the conclusion of the 1969–1970 school year, plaintiff's contract was terminated by the Board under provisions of Iowa Code § 279.13 (1971).[1]

3. Both a private conference and public hearing were granted plaintiff pursuant to the statute.

4. The specific reason given plaintiff for termination was her professional incompetence as indicated by the low scholastic accomplishment of her students on the Iowa Tests of Basic Skills (ITBS) and Iowa Tests of Educational Development (ITED).[2]

---

1. Iowa Code § 279.13 (1971) provides in part as follows:

   Said contract shall remain in force and effect for the period stated in the contract and thereafter shall be automatically continued in force and effect for equivalent periods . . . until terminated as hereinafter provided, . . . . On or before April 15 . . . the board may . . . cause said contract to be terminated by written notification of termination, . . . . however, . . . the board . . . shall inform the teacher in writing that (1) the board is considering termination of said contract and that (2) the teacher shall have the right to a private conference with the board if the teacher files a request therefor . . . . ;

   and if . . . the teacher files . . . a written request for a conference and a written statement of specific reasons for considering termination, the board shall . . . give . . . specific reasons for considering termination, and shall hold a private conference. . . . The teacher shall have the right to protest the action of the board, and to a hearing thereon . . . , in which event the board shall hold a public hearing on such protest. . . .

2. At trial defendants urged additional reasons for termination which the court will not consider nor make judgment as to their sufficiency since they were not given as specific reasons at the statutory conference and hearing.

5. A teacher's professional competence cannot be determined solely on the basis of her students' achievement on the ITBS and ITED, especially where the students maintain normal educational growth rates.

6. As a result of termination of her employment contract, plaintiff was damaged in the sum of $13,644.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and the subject matter. 28 U.S.C. § 1343; 42 U.S.C. § 1983.

 2. In Iowa termination of a teacher's contract by nonrenewal is permitted only after granting the procedural rights to conference and hearing accompanied by a "written statement of specific reasons" for nonrenewal. Iowa Code § 279.13 (1971).

3. In Iowa a teacher has a "property interest" in a contract of employment and the right to renewal thereof may not be denied without due process of law. Iowa Code § 279.13 (1971); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2717, 33 L.Ed.2d 581 (1971); Board of Regents v. Roth, 408 U.S. 593, 92 S.Ct. 2717, 33 L.Ed.2d 581 (1972); Board of Pleasant Hill School, 465 F.2d 1366 (8th Cir. 1972). Wilderman v. Nelson, 467 F.2d 1173 (8th Cir. 1972).

4. Due process demands that reasons for termination of a teacher's contract may not be arbitrary and capricious but must have a basis in fact. Perry v. Sindermann, *supra*; Board of Regents v. Roth, *supra*; Wilson v. Pleasant Hill School, *supra*; Cf. Freeman v. Gould, 405 F.2d 1153 (8th Cir. 1969). *See*, Drown v. Portsmouth School District, 451 F.2d 1106 (1st Cir. 1971).

5. Plaintiff is entitled to damages from all defendants, except defendant Woodbury Central Community School District, in the amount of $13,644. Harkless v. Sweeny Independent School District, 5 Cir., 427 F.2d 319, cert. den. 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1970); Cooley v. Board of Educa-

tion, 453 F.2d 282, 287 (8th Cir. 1972); Board of Trustees of Arkansas A & M College v. Davis, 396 F.2d 730, 734 (8th Cir. 1968), cert. den. 393 U.S. 962, 89 S. Ct. 401, 21 L.Ed.2d 375; Basista v. Weir, 340 F.2d 74, 86 (3rd Cir. 1965).

It is therefore ordered

That the defendants forthwith reinstate plaintiff to her former teaching position or if unavailable to a similar or comparable position in the Woodbury Central Community School District.