Helen **COURTER,** Plaintiff,

v.

**WINFIELD–MT. UNION COMMUNITY SCHOOL DISTRICT et al.,**
Defendants.

**Civ. No. 73–52–D.**

United States District Court,
S. D. Iowa,
Davenport Division.

Feb. 12, 1974.

William R. Ruther, Dailey, Dailey, Ruther & Bauer, Burlington, Iowa, for plaintiff.

Stephen S. Hoth, Hirsch, Wright, Link & Adams, and Douglas A. Johnson, Pryor, Riley, Jones & Walsh, Burlington, Iowa, for defendants.

## ORDER

STUART, District Judge.

Defendants' motion to dismiss the above entitled action came on for hearing at 10:30 a. m. January 31, 1974. Plaintiff appeared by her attorney, William R. Ruther. Defendants appeared by their attorneys Steven S. Hoth and Douglas A. Johnson. The Court listened to statements of counsel. Written briefs had been filed, however, plaintiff requested and received time to file an additional brief.

A motion to dismiss cannot be granted unless the complaint fails to state a good cause of action under any legal theory and it appears beyond doubt that plaintiff could prove no set of facts in support of her claim which would entitle her to relief.

Plaintiff's complaint alleges that she taught at the Winfield school from 1967 through the 1972–1973 school year. On March 20, 1973, she was notified the board was considering termination of her contract. She requested a private conference which was held April 5. Thereafter the board voted unanimously not to renew her contract. Plaintiff requested a public hearing which was held May 3, 1973. The board again voted not to renew her contract.

We have here a non-tenured teacher who, in accordance with Iowa law was notified her automatically renewable contract would not be renewed. We assume for the purposes of this motion

that the nonrenewal action was arbitrary and capricious. We also assume that this plaintiff was denied the right to cross-examine witnesses who appeared against her and, although the record is not clear, we will also assume she was denied the right to produce witnesses in her own behalf.

■ The question to be determined is whether there is federal jurisdiction with respect to the continued employment of a non-tenured teacher whose contract was not renewed under Iowa law when it is claimed she was denied constitutional due process because:

(1) she was denied the right to examine and cross-examine witnesses who appeared against her at the public hearing;

(2) she was deprived of liberty or property without due process of law as the reasons for failing to renew her contract were without rational relation to sound educational theory or policy and were arbitrary and capricious.

It is my opinion that the motion to dismiss must be sustained for lack of jurisdiction. I consider Board of Regents v. Roth (1972), 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; Perry v. Sindermann (1972), 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570; Scheelhaase v. Woodbury Central Community School District (8th Cir., filed November 28, 1973) 488 F.2d 237; Fisher v. Snyder (8th Cir., 1973), 476 F.2d 375; and Freeman v. Gould Special School District (8th Cir., 1969), 405 F.2d 1153; and authorities cited in these cases to be determinative.

Before discussing the cases I should point out what is not alleged in the complaint. Plaintiff's counsel in oral argument conceded:

(1) No claim is being made that the board acted in retaliation for plaintiffs assertion of rights guaranteed by law or the Constitution. See *Sindermann*, 408 U.S. p. 597, 92 S.Ct. 2694 and *Freeman*, 405 F.2d p. 1159.

(2) No claim is being made that the board charged plaintiff with dishonesty, immorality or other similar charges which might seriously damage her standing and associations. *Roth*, 408 U.S. p. 573, 92 S.Ct. 2701. *Fisher* and *Scheelhaase*.

■ *Roth* holds that procedural due process of the 14th Amendment applies only to the deprivation of interests encompassed thereby. Under Iowa law public teachers are non-tenured. Under *Roth* non-tenured teachers do not have a constitutionally protected property interest in reemployment. The complaint could be broadly construed to plead an implied promise of continued employment. See *Sindermann*. Such contract would not be permitted under Iowa law. See *Scheelhaase* and citations.

■ Plaintiff in her brief states paragraphs 14, 15 and 16 are sufficient to allege a charge of loss of liberty under *Roth*. These paragraphs alleged plaintiff has been unable to secure employment equivalent to that of teachers with similar education and experience because of the board's officially publicly tendered reasons, that her professional reputation has been irreparable damaged thereby and that she has suffered public humiliation and mental anguish and that the real reason for her nonrenewal was because the district was having budgetary problems and her salary was one of the highest pay grades.

The exhibits attached to the complaint show the charges against plaintiff relate to a personality conflict with a Mrs. Mathews and suggest she had difficulty in getting along with other school personnel. There is no attack on her character or ability as a teacher. These charges appear to be less damaging than those made in *Scheelhaase*. This complaint does not allege the kind of deprivation of liberty which is protected under the 14th Amendment. *Roth*, note 13, 408 U. S. p. 574, 92 S.Ct. 2701; *Scheelhaase*, page 242 of 488 F.2d including note 8.

■ Therefore, plaintiff had no federal constitutional right to procedural due process. Whether denial of the right of cross-examination satisfied the

Iowa statutory and constitutional rights for a public hearing is for the Iowa courts to determine.

In *Freeman* the 8th Circuit considered a very similar factual situation under Arkansas law which does not provide tenure or hearings.

The Court speaking through Judge Gibson held that no federal question was presented and said:

> Teachers are protected under the Equal Protection Clause from discrimination on account of race or religion or in their assertion of constitutionally protected rights, but no case cited by plaintiff has gone so far as to say that all actions of any governmental board or agency in employment cases must accord the individual due process under the Fourteenth Amendment so as to provide tenure and a right to retain the position except for cause. And 'for cause' presupposes a right to hearing, notice and appeal. Many government employees are under civil service and some under tenure. *Absent these security provisions a public employee has no right to continued public employment except insofar as he may not be dismissed or fail to be rehired for impermissible constitutional reasons, such as race, religion, or the assertion of rights guaranteed by law or the Constitution.* 405 F.2d p. 1159.

A literal reading of Fisher v. Snyder decided by the 8th Circuit in 1973 might lead one to the conclusion that the 8th Circuit had determined that federal courts had jurisdiction if it was alleged the failure to rehire was arbitrary and capricious. The court stated that a high-school teacher may successfully argue that his dismissal was arbitrary and capricious if he can prove "that each of the stated reasons [underlying his dismissal] is trivial or is unrelated to the educational process or to working relationship within the educational institution or is wholly unsupported by a basis in fact".

However, the facts in *Fisher* show that the teacher was charged with im-moral conduct which places her within the hearing requirements outlined by *Roth.*

The case of Scheelhaase v. Woodbury Central Community School District, decided by the 8th Circuit November 28, 1973, reaffirms the *Freeman* case saying "It was our holding [in Freeman] that *in the absence of a tenure statute a local school board has the right to decline to employ or to re-employ any teacher for any reason or for no reason as long as such a decision is not violative of a specific constitutional right.*" It also limited the *Fisher* case to the facts appearing therein stating:

> We affirmed the district court's finding that although a school board may legitimately inquire into the character and integrity of its teachers, it may not arbitrarily and capriciously discharge a teacher based on unsupported conclusions drawn from such inquiries, in view of the defamatory nature of the charges made * * * *what we ruled upon in Fisher was essentially a charge of immorality, a slanderous assault upon moral rectitude, not simply an alleged impairment of professional standing by reason of discharge.*

The Court went on to say

> Not every civil right is a right derived or secured by the Constitution or laws of the United States * * *. Only those rights, privileges and immunities that are secured by the Constitution of the United States or some Act of Congress are within the protection of the federal courts. Rights, privileges and immunities not derived from the federal Constitution or secured thereby are left exclusively to the protection of the states.

The concurrence of Chief Justice Burger in Perry v. Sindermann refers to the central point in *Roth* and *Perry*. He states "the relationship between a state institution and one of its teachers is essentially a matter of state concern and state law. The Court holds today only that a state-employed teacher who has a

*right to re-employment* under state law * * * has, in turn, a right guaranteed by the Fourteenth Amendment to some form of prior * * * hearing * * * [i]f relevant state contract law is unclear, a federal court should, in my view, abstain from deciding whether he is constitutionally entitled to a prior hearing, and the teacher should be left to resort to state courts on the questions arising under state law." 408 U.S. p. 603–604, 92 S.Ct. p. 2717.

It is therefore ordered that defendant's motion to dismiss plaintiff's complaint is granted and the Clerk of the Court is authorized and directed to enter judgment in favor of defendant and against the plaintiff for the costs of this action.