Marguerite BARRETT, Appellant,

v.

EASTERN IOWA COMMUNITY COLLEGE DISTRICT, Appellee.

No. 56507.

Supreme Court of Iowa.

Sept. 18, 1974.

Newport, Newport, Wine & Buzzell, Davenport, for appellant.

Wells, Brubaker, deSilva & Gallagher, Davenport, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and UHLENHOPP, JJ.

MOORE, Chief Justice.

Plaintiff-teacher-librarian appeals adverse judgment in this law action seeking a declaration defendant-college had failed to comply with Code section 279.13 in the termination of her teaching contract. We reverse and remand.

On May 15, 1970 the parties here involved entered into a written employment contract (exhibit A) under which plaintiff agreed to serve as librarian and receive from defendant $916.66 on the last day of each month for 12 consecutive months starting on the last day of September 1970. The term of service was to begin August 24, 1970 and end on July 30, 1971.

Regarding such contracts Code section 279.13, in relevant part, provides:

"Said contract shall remain in force and effect for the period stated in the contract and thereafter shall be automatically continued in force and effect for equivalent periods * * * until terminated as hereinafter provided * * * [T]he board may by a majority vote of the elected membership of the board, cause said contract to be terminated by written notification of termination, by a certified letter mailed to the teacher not later than the tenth day of April; provided, however, that at least ten days prior to mailing of any notice of termination the board or its agent shall inform the teacher in writing that (1) the board is considering termination of said contract and that (2) the teacher shall have the right to a private conference with the board if the teacher files a request therefor with the president or secretary of the board within five days;

and if within five days after receipt by the teacher of such written information the teacher files with the president or secretary of the board a written request for a conference and, a written statement of specific reasons for considering termination, the board shall, before any notice of termination is mailed, give the teacher written notice of the time and place of such conference and at the request of the teacher, a written statement of specific reasons for considering termination, and shall hold a private conference between the board and teacher and his representative if the teacher appears at such time and place. * * * In event of such termination, it shall take effect at the close of the school year in which the contract is terminated. * * * The term 'teacher' as used in this section shall include all certified school employees, including superintendents."

Most of the facts as disclosed by the record are not in dispute. On March 25, 1971 defendant's board of directors decided "that contracts for Marguerite Barrett, Librarian, and * * *, be terminated effective at the end of the 1970–71 academic year and that the Board Secretary be directed to mail letter of intent to terminate by March 26, 1971, and letters of termination by April 10, 1971, as prescribed by Chapter 279, Section 13 of the Code of Iowa."

This gives rise to one of the issues raised by plaintiff-appellant as the board, without notice to plaintiff, voted to terminate plaintiff's contract prior to giving notice of intent to terminate.

The board secretary did however, on March 26, 1971, prepare and by certified mail, with proper stamps attached, mail to plaintiff a "Notice of Consideration of Termination of Teacher's continuing Contract." The contents of that notice and plaintiff's response thereto are the basis of other issues raised on this appeal.

The above mentioned issues need not and are not decided as the main and decisive issue concerns defendant's attempt to give notice of termination by April 10, 1971.

On April 6, 1971 the secretary of defendant's superintendent took a typed letter of termination addressed to plaintiff to the post office substation at the Schlegal Drug Store in Davenport, Iowa. She testified: "When I came to the Schlegel Drug Store I had a 6-cent stamp, which was required on it, and I told the lady at the substation what I wanted, and that I wanted the letter mailed Certified Mailing and I paid for it and obtained a receipt. The receipt of the substation was made out by the lady at the post office substation."

When the letter was tendered to plaintiff at her home in Clinton it was stamped "Certified Mail" and "Postage Due 65 cents". Only the 6-cent stamp was on it. Plaintiff refused to pay the 65 cents due. The letter was returned to defendant. Another certified letter, with proper postage attached, was mailed on April 13, 1971. Defendant concedes the second mailing was not timely.

Following April 13 plaintiff was afforded a hearing before the board. It made no change of the termination action voted, without plaintiff's knowledge, on March 25.

The trial court found the purpose of section 279.13 is to afford an opportunity to protect the interest of the teacher and in view of the fact she was ultimately given a hearing defendant's shortcomings were without prejudice to her. As we read the trial court's findings and conclusions plaintiff was denied declaratory relief on the ground defendant had substantially complied with section 279.13.

■ Since the trial court's ruling we have considered and analyzed the provisions of section 279.13. It is now clearly established the substantial compliance rule is not applicable to time specifications of section 279.13. The steps to be taken by the school board before terminating a teacher's contract must be taken as statutorily mandated. Flanders v. Waterloo Community School District, Iowa, 217 N.W.2d 579, 581, 582; Ramey v. Des Moines Area Community College, Iowa, 216 N.W.2d 345, 348.

Defendant argues failure to get the termination notice delivered was through no fault of the college. The record is to the contrary. The Receipt for Certified Mail" (exhibit C) obtained by the secretary directs "stick postal stamps to * * * certified mail." It also directs the sender to select the optional services available. This was not done. The postage required for the various optional services is set out on the receipt. The secretary did not state which services had been selected and it is not shown on the receipt. The amount paid and why the stamps were not put on the envelope are not shown by the evidence.

■ The statute specifically requires the College by certified letter to mail notice of termination not later than April 10. The verb mail means: "To place a letter or other mail matter, properly enveloped or packaged, addressed and stamped, in a mail slot, mail chute, or mail box, provided by the post office department for reception of mail, or to deliver a letter or other mail matter so prepared to a postman or letter carrier employed by the department." Ballantine's Law Dictionary, Third Edition, page 763.

■ The word "mailing" means placing a letter or parcel in an appropriate mail receptacle maintained by the post office department, properly addressed, with postage prepaid. Satterfield v. Celebrezze (W.D.S. C.), 244 F.Supp. 190; Raptis v. Safeguard Insurance Company, 13 Mich.App. 193, 163 N.W.2d 835; 72 C.J.S. Post Office § 26, page 299; 26 Words and Phrases, pages 55 and 56; Black's Law Dictionary, Revised Fourth Edition, page 1104.

■ The trial court, without the benefit of Flanders v. Waterloo Community College and Ramey v. Des Moines Area Community College, both supra, erroneously applied the substantial compliance rule. Plaintiff on the record made was entitled to a judgment declaring defendant had failed to give termination notice not later than April 10, 1971, and therefore her contract was automatically renewed for another year.

■ The trial court did not reach the question of damages as claimed and on which plaintiff offered proof. This declaratory judgment action was tried at law. Our review is therefore not de novo. Bjork v. Dairyland Insurance Company, Iowa, 175 N.W.2d 379, 382, and citations. We remand this case to the district court for determination of plaintiff's claim for damages.

Reversed and remanded.