Bonnie M. KRUSE, Appellant,

v.

BOARD OF DIRECTORS OF LAMONI
COMMUNITY SCHOOL DISTRICT and
Lamoni Community School District, Ap-
pellees.

No. 56487.

Supreme Court of Iowa.

July 31, 1975.

Reynoldson, Brown & Van Werden, Osceola, for appellant.

Barnes, Schlegel & Walter, Ottumwa, for appellees.

MASON, Justice.

This appeal by plaintiff Bonnie M. Kruse, a teacher in the Lamoni Community School District, presents the question whether the procedure employed by defendants, the school district and the Board of Directors of the district, in moving to terminate plaintiff's teaching contract constituted sufficient compliance with the statutory requirements so as to effectively and validly terminate the continued employment of Mrs. Kruse and bar an action by her for breach of contract based upon her discharge.

Plaintiff had instituted an equitable action in the Decatur district court alleging her teaching contract had been improperly terminated by defendants and asked that the termination be declared null and void and defendants be compelled to specifically perform the teaching contract, including all obligations and benefits derived thereunder. Plaintiff further asked payment of all benefits accruing under the provisions of her contract.

After defendants' answer was filed but before trial the parties jointly requested the court to adjudicate certain law points based upon stipulated facts. Rule 105, Rules of Civil Procedure. The court in its ruling dismissed plaintiff's petition at her cost. This appeal stems from that ruling.

Plaintiff is a teacher duly qualified and accredited by the State of Iowa to teach in both elementary and secondary schools. In the pursuance of her career, Mrs. Kruse was hired by the Lamoni Community School District to teach social studies May 11, 1968. The teaching contract (Exhibit A) was effective for the 1968–1969 school year. Apparently satisfied with her first year performance, the school board renewed Mrs. Kruse's contract for another year March 17, 1969.

February 19, 1970, however, plaintiff received by certified mail a letter dated February 18 and entitled: "NOTICE OF TERMINATION OF TEACHER'S CONTINUING CONTRACT." (Exhibit C). The letter informed Mrs. Kruse her continuing teaching contract for the year 1969–1970 had been terminated effective as of the close of the 1970 school year pursuant to a majority vote of the school district Board of Directors. The notice also informed plaintiff it was in conformity with *section 279.-13, The Code, 1962,* which provided for termination of teaching contracts by a majority vote of the Board of Directors and of the teacher's right to protest the action of the board and to a hearing thereon if such were requested within 20 days of the receipt of the notice.

February 26 plaintiff wrote the school board protesting the termination and requested a private hearing thereon. It was further stated plaintiff had not received any communications regarding the "incidents and reasons" for the school board's decision, and such was requested to be furnished plaintiff in writing.

March 19 plaintiff received a letter dated March 18 from Superintendent of Lamoni Schools, L. C. Johnson, concerning the fact the school board would grant plaintiff a private hearing as well as present her with a written statement of the specific reasons for the termination. This hearing took place before the school board March 23. Plaintiff appeared with her attorney, L. P. Van Werden of Osceola. The written statement, however, was not provided as promised.

Prior to the hearing, plaintiff received a letter dated March 21 from Mrs. Hazel Sprague, school district secretary, requesting that a written resignation be filed. The correspondence also provided it took precedence over the "Notice of Consideration of Continuing Contract" sent plaintiff February 18. In reality, this must have been in reference to the notice of termination of the same date, previously referred to.

At any rate, March 26 plaintiff received an unsigned letter from "The Lamoni Community School District Board of Education" stating: "Two years of employment in the Lamoni Public School System have not indicated the ability to provide course content or maintain academic environment conducive to learning experiences. Said teacher declared to be wanting in adequate strength, capacity, and qualifications to fulfill the job of Social Studies Teacher." (Exhibit G).

At this, plaintiff's attorney wrote Secretary Sprague April 13 protesting the termination and requesting a public hearing relative thereto with at least fifteen days prior notice. April 27, such hearing was held. Plaintiff and her attorney as well as four members of the school board were present. With plaintiff's consent further action on the contract termination was delayed until May 4.

May 5 Mrs. Sprague wrote plaintiff the school board had, by roll call vote, sustained its earlier actions terminating the teaching contract. Decatur County Superintendent of Schools sustained the school board's actions July 24, whereupon plaintiff appealed to the State Board of Public Instruction which declined to hear the appeal on the basis of lack of jurisdiction.

Plaintiff then filed her petition in the Decatur district court, as previously mentioned.

The foregoing facts are without dispute. They are disclosed in the stipulation of the parties which appears in the appendix.

The joint application for adjudication of law points filed in this matter essentially requested a legal adjudication of the following: (1) whether section 279.13, The Code, 1966, as amended, was sufficiently complied with in the termination of plaintiff's contract, and (2) whether plaintiff was denied due process and equal protection as guaranteed by the State and federal constitutions. This constitutional issue consisted of the following questions: (1) Was the termination arbitrary, capricious, and without cause? ; and (2) Did the school district lack the legal power to terminate the contract without reason and without advance notice to plaintiff of her alleged teaching deficiencies in order that she might remedy the same?

The trial court dismissed plaintiff's petition with costs after finding: "A school district may discharge a teacher for cause (Sec. 279.24, Code) or terminate a teaching contract without cause (Sec. 279.13, Code). There must be substantial compliance with the statute. * * * [citing authority]. When the teacher meets with the Board and participates in a meeting where the complaints before the Board are considered, want of notice or defect of notice is not material. * * * [citing authority]. This Court finds that there was substantial compliance with the statute."

Section 279.13, The Code, 1966, as amended by Acts of the Sixty-second General Assembly, chapter 240, section 1, which was in force at the time material herein provides in relevant part:

"Said contract shall remain in force and effect for the period stated in the contract and thereafter shall be automatically continued in force and effect for equivalent periods * * * until terminated as hereinafter provided * * *. [T]he board may by a majority vote of the elected membership of the board, cause said contract to be terminated by written notification of termination, by a certified letter mailed to the teacher not later than the tenth day of April; provided, however, that at least ten days prior to mailing of any notice of termi-

nation the board or its agent shall inform the teacher in writing that (1) the board is considering termination of said contract and that (2) the teacher shall have the right to a private conference with the board if the teacher files a request therefor with the president or secretary of the board within five days; and if within five days after receipt by the teacher of such written information the teacher files with the president or secretary of the board a written request for a conference and a written statement of specific reasons for considering termination, the board shall, before any notice of termination is mailed, give the teacher written notice of the time and place of such conference and at the request of the teacher, a written statement of specific reasons for considering termination, and shall hold a private conference between the board and teacher and his representative if the teacher appears at such time and place. * * * In event of such termination, it shall take effect at the close of the school year in which the contract is terminated * * *. The term 'teacher' as used in this section shall include all certified school employees, including superintendents."

By its enactment of the foregoing statute the legislature prescribed the procedural steps to be pursued by the Board of Directors when considering termination of a teaching contract.

Discharge for cause at any time during the school year is covered by section 279.24, The Code, which provides:

"Discharge of teacher. The board may, by a majority vote, discharge any teacher for incompetency, inattention to duty, partiality, or any good cause, after a full and fair investigation made at a meeting of the board held for that purpose, at which the teacher shall be permitted to be present and make defense, allowing him a reasonable time therefor."

I. In seeking reversal plaintiff contends: (1) the school board's attempted termination of her contract was null and void by

reason of the board's failure (a) to comply with the procedural mandates of section 279.13 and (b) to notify plaintiff before the private hearing of the board's reasons for considering terminating the teaching contract which deprived plaintiff of constitutional due process of law; and (2) the trial court erred in dismissing plaintiff's petition without trial on the merits.

Plaintiff argues the question is compliance with section 279.13, The Code, 1966, as amended, and that a study of the statute reveals "several discrepancies." "Without prior warning or notice the Defendant School Board sent Plaintiff Teacher a notice of termination * * * in complete disregard for the statutory provision requiring ten days' advance notification to the teacher, in writing, that (1) the board was considering terminating her teaching contract, and (2) the teacher had a right to a private conference with the board." In other words, plaintiff argues "the die was cast" for termination before she heard a word about it. And, the case authority relied upon by the trial court is contended to be inapplicable as the legislature amended the statute subsequent to the decision of the cited case. Finally, it is urged the statutory termination procedures must be strictly complied with.

Plaintiff argues she was denied due process of law when the school board " * * * failed to provide her with the statutorily required list of termination reasons *prior* to the private Hearing and *prior* to the Board purportedly taking final termination action on Plaintiff's teaching contract." She contends a teaching contract is a property interest protected by due process.

Defendants, on the other hand, argue although section 279.13 was not strictly complied with, such compliance was substantial and, in any event, the board satisfied section 279.24. Furthermore, a school board may discharge a teacher with or without cause, and where, as here, a teacher receives a hearing before the board, any defect was *waived.* Finally, defendants claim notice of termination "must have been given" *after* defendants received the written reasons therefor, " * * * because the letter of April 13, protesting the termination indicates that some notice of termination was given. Said letter makes no charge that the termination was invalid for failure to give any such notice." And at any rate, since plaintiff failed to raise the issue in her pleadings of no termination notice between the March 23 meeting and April 10, it was waived.

Defendants deny plaintiff's due process rights were trampled or that the trial court erred in dismissing the suit.

II. We consider first defendants' contention since plaintiff was ultimately afforded a hearing and an opportunity to protect her interest any defect in the procedural steps taken by the board in terminating plaintiff's contract was waived. Defendants thus seek to support the trial court's ruling entered May 2, 1973, which provided: " * * * When the teacher meets with the Board and participates in a meeting where the complaints before the Board are considered, want of notice or defect of notice is not material. * * * [citing authority]. This Court finds that there was substantial compliance with the statute."

A somewhat similar contention was urged by the board in Barrett v. Eastern Iowa Community College District, 221 N.W.2d 781 (Iowa 1974). In the cited case plaintiff-teacher in seeking reversal contended the board had failed to comply with the provisions of section 279.13 in terminating her teaching contract. The trial court there found the purpose of section 279.13 was to afford an opportunity to protect the interests of the teacher and in view of the fact she was ultimately given a hearing defendant's shortcomings were without prejudice to her. The trial court's conclusion was based on the ground defendant had substantially complied with the section. We reversed saying, " * * * the steps to be taken by the school board before terminating a teacher's contract must be taken as statutorily mandated."

■ If strict compliance with the procedural steps prescribed by section 279.13 is required in order to effectively terminate a teaching contract, the teacher's appearance at the hearing ultimately afforded her March 23, 1970, does not constitute a waiver of the statutory requirements in our opinion.

It is apparent strict adherence to the statutory dictates of section 279.13 was not attained in the following respects: (1) The February 19 "Notice of Termination of Teacher's Continuing Contract," was received without ten days' prior notice the school board was considering termination and that plaintiff had the right to a private hearing if she requested one within five days. In fact, plaintiff apparently never did receive notice the board was considering termination. (2) Plaintiff did not have the opportunity, before notice of termination was sent, to request a private conference and a written list of reasons the board was considering termination. (3) Although so requested, plaintiff did not receive the "written reasons" until *after* the private hearing was held.

For reasons undisclosed, plaintiff received the March 23 letter from the school board secretary requesting she tender a written resignation and stating it took precedence over the February 19 notice of consideration of continuing contract. In any event, the record discloses no notice of termination was sent after plaintiff's private hearing with the school board.

This court has recently stated: " * * * A board *considering* termination has the responsibility of timely informing the teacher in writing of that fact and of the teacher's right to a private conference on request. By following the statutory procedure, the teacher may then have the conference and also a written statement of the board's reasons." (Emphasis supplied). *Flanders v. Waterloo Community School District*, 217 N.W.2d 579, 583 (Iowa 1974).

" * * * We think, too, that the requirement to inform is a prerequisite to terminating a contract, at least in the absence of circumstances which are not present here. The legislature placed this requirement in the law for a purpose. * * * [citing authority]." *Flanders*, 217 N.W.2d at 582.

The *Flanders* court spoke in fairly strict terms. Defendants, however, cite several cases in support of their argument substantial compliance is sufficient. These cases all deal with section 279.24, not 279.13. Nowhere do defendants present a case holding section 279.13 is subject only to substantial compliance. See *Chadwick v. Grant Ind. Sch. Dist.*, 238 Iowa 498, 28 N.W.2d 32 and *Van Peursem v. Consolidated Ind. Sch. Dist.*, 240 Iowa 1100, 38 N.W.2d 615.

This court has recently declined to adopt a substantial compliance test as to section 279.13. " * * * We applied * * * [the substantial compliance] principle in cases of discharge under section 279.24. We have not applied such a principle in cases of termination under section 279.13. " * * *

"In any event there is no reason to suppose the rule should be applied to section 279.13. Section 279.24 provides for the summary discharge of teachers for 'incompetency, inattention to duty, partiality, or any good cause.' It presupposes an inability of the teacher to complete teaching services. Section 279.13 (automatic continuation) has a completely different purpose. Its aim is to provide for a comparative permanence in teaching positions, unless either of the parties decide and notify the other of a termination. Its aim is to allow both the school and teacher time to plan ahead if there is to be an end of the employment. It was drafted with ordinary school years in mind. We believe the whole purpose of the statute would be frustrated if the time specifications could be ignored. We decline to so interpret the statute." *Ramey v. Des Moines Area Community College*, 216 N.W.2d 345, 348 (Iowa 1974). See also *Barrett v. Eastern Iowa Community College District*, 221 N.W.2d at 783.

Since the trial court's ruling on May 2, 1973, this court has considered and analyzed the provisions of section 279.13 in *Ramey, Flanders* and *Barrett*, all *supra*. In *Barrett*, 221 N.W.2d at 783, the court noted: "It is now clearly established the substantial compliance rule is not applicable to time specifications of section 279.13."

■ It is our conclusion since strict compliance with the time specifications of section 279.13 is ordinarily required, there is no logical reason in view of the purpose of section 279.13 as announced in the three cases just cited why strict compliance with the procedural steps fixed by statute should not be generally required of a school district seeking to effect a valid termination of a teaching contract. We hold this to be the proper rule.

Other jurisdictions which have considered the problems arising under their particular statutes from procedures employed by school boards in seeking termination of teaching contracts have expressed similar views. See *Zeller v. Prior Lake Pub. Schools, Ind. Sch. Dist. No. 719*, 259 Minn. 487, 108 N.W.2d 602, 605, 89 A.L.R.2d 1012; *Henley v. Fingal Public School District # 54*, 219 N.W.2d 106, 110 (N.D.1974); *Pollock v. McKenzie County Public School Dist. # 1*, 221 N.W.2d 521, 525 (N.D.1974), and *Wagner v. Little Rock School District*, 373 F.Supp. 876, 882 (E.D.Ark.W.D.1973).

We recognize, in this connection, there may be circumstances where strict compliance is not required by reason of the teacher's activity. See *Flanders v. Waterloo Community School District*, 217 N.W.2d at 582–583. The record discloses no such circumstances here.

■ Strict adherence to the statutory dictates of section 279.13 was not attained in the respects urged by plaintiff in the matter before us.

"The Notice of Termination of Teaching Contract" of February 18 was not one of a contemplated course of action by the school board but rather it was one of final decision

not to renew Mrs. Kruse's teaching contract. At the hearing later afforded plaintiff the board made no change of the termination action unanimously voted at the February 17 meeting of the board which was without plaintiff's knowledge. The statute requires the furnishing of written notice that the board is considering termination of the contract at least ten days before termination.

The list of reasons for termination ultimately received by Mrs. Kruse was not furnished her prior to the private hearing. It must be conceded this procedure did not afford plaintiff the benefits contemplated by the statute in the preparation of her defense and did not constitute strict compliance with the statute.

Mrs. Kruse was entitled to know the reasons relied upon by the board in considering the termination of her contract and to have a fair opportunity to defend against such charges. After all, the statute requires the decision to terminate the contract be rendered only after the procedural steps have been satisfied. The board's failure to furnish a list of reasons as required by section 279.13 placed the burden of persuading the board to reverse a decision already reached on the teacher.

■ Defendants argue plaintiff's writing of the letter of February 26, her employment of counsel, her protest of April 13 and attendance at the April 27 meeting constituted a waiver of any defects in the procedural requirements set forth in section 279.-13. We do not agree. Plaintiff's activity after receiving the February 18 "Notice of Termination of Teacher's Continuing Contract" indicated plaintiff's insistence the board fulfill its responsibility of timely informing her in writing the board was contemplating termination of her contract and her right to a written statement of the board's reasons and to a private conference on request.

■ The board in the present case in effect gave no notice it was contemplating

not renewing Mrs. Kruse's contract. Notice of final decision cannot be used as a substitute for the notice of the contemplated course of action. The defect in the procedure followed by the school board was not waived by plaintiff.

Plaintiff in written argument asserts she was not given notice of the actual termination of her teaching contract subsequent to receipt of the letter requesting her resignation and prior to the statutory deadline of April 10 for mailing notice of termination of contracts to teachers. Defendants challenge this assertion as an attempt to present an issue not properly preserved for review. See *Erb v. Iowa State Board of Public Instruction*, 216 N.W.2d 339, 342 (Iowa 1974). It is unnecessary to decide whether the issue was properly preserved since plaintiff's contention in this respect has been given no consideration in arriving at our determination she had not waived the defects in the procedure employed by defendants in seeking to terminate her contract.

■ III. At another point in written argument defendants contend even though this court should determine strict compliance with section 279.13 was a necessity and such compliance was not had here, the board in any event satisfied section 279.24 by substantial compliance therewith. The provisions of this statute have been set out earlier. This statute does not cover a nonrenewal situation but provides for a discharge for cause.

It is undisputed the board at all times purported to act under section 279.13. Section 279.24 was never mentioned in communications between plaintiff and the board. The board selected and continued to proceed under section 279.13, not 279.24.

In *Ramey v. Des Moines Area Community College*, 216 N.W.2d at 346, the contract under consideration before the court contained a provision that the contract was subject to the provisions of 279.13, known as the continuing contract law, the conditions of which were by reference made a part of Ramey's employment contract. This court said although the provisions of section 279.13 were not designed to accommodate a program such as was there involved, the area college *did* proceed under section 279.13 but failed to follow the procedure prescribed by the statute whose terms were made a part of the contract. This court affirmed the judgment of the trial court in awarding damages arising from the claimed cancellation of his employment contract. The reasoning employed in *Ramey* is relevant to a determination of defendants' contention.

In our view defendants cannot, after the fact, attempt to show their actions were not invalid because of substantial compliance with section 279.24. The argument is without merit.

■ We hold defendants' attempted termination of plaintiff's teaching contract was null and void.

IV. It is deemed necessary to consider plaintiff's contention defendants' attempted termination of her teaching contract was null and void in another respect set out earlier. In this connection she maintains she was denied constitutional due process of law guaranteed under the state and federal constitutions when defendants failed to provide her with the statutorily required list of termination reasons prior to the private hearing and prior to the board purportedly taking final termination action on her teaching contract.

In other words, plaintiff insists she was deprived of liberty or property without due process of law by defendants' failure to furnish her a written statement of specific reasons for considering termination of her teaching contract prior to the teacher's private hearing with the school board. She cites and relies on *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 and *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, as support for her position.

*Sindermann* and *Roth* were both considered and discussed in *Scheelhaase v. Woodbury Central Community Sch. Dist.*, 488 F.2d 237 (8 Cir. 1973) and *Courter v. Winfield-Mt. Union Community School Dist.*, 378 F.Supp. 1191 (S.D.Iowa 1974). These decisions were not available at the time plaintiff's brief and argument was filed with this court. *Scheelhaase* and *Courter* involved teacher contracts which were not renewed by the respective boards. Both decisions turned on the question of jurisdiction of the federal court under the particular facts and quoted Chief Justice Burger's concurrence in *Sindermann* and *Roth*. The teacher's complaint was ordered dismissed because of lack of jurisdiction in each case.

As stated, after receiving the February 18 "Notice of Termination of Teacher's Continuing Contract" plaintiff, while protesting the board's action, filed a written request for a private hearing and a written statement of specific reasons for the board's decision to terminate her contract. The private hearing was held March 23 but the written statement of reasons as requested was not received until March 26.

The portion of section 279.13 pertinent to the problem presented by plaintiff's contention provides: " \* \* \* the board shall, before any notice of termination is mailed, give the teacher written notice of the time and place of such conference and at the request of the teacher, a written statement of specific reasons for considering termination, and shall hold a private conference between the board and teacher and his representative if the teacher appears at such time and place."

■ This provision of the statute demands that upon the teacher's request the board must give the teacher a written statement of specific reasons for terminating the teaching contract. This court now determines that the legislative purpose of this requirement is to afford the teacher an opportunity to successfully argue his dismissal was arbitrary and capricious if he can prove that each of the stated reasons underlying his dismissal is trivial, is wholly unsupported by a basis in fact, or is unrelated to the educational process or to working relationships with the educational institute or his contemplated dismissal is based upon any impermissible constitutional reasons, such as race, religion, or the assertion of rights guaranteed by law or the constitution. As tending to support this statement of principle in whole or in part see *Erb v. Iowa State Board of Public Instruction*, 216 N.W.2d at 342–344 and *Fisher v. Snyder*, 476 F.2d 375, 377 (8 Cir. 1973).

■ To achieve this legislative purpose of this provision of the statute we construe it as requiring that a school board considering termination of a teaching contract must (1) give the teacher notice in writing of the time and place of the conference with the board considering termination of the contract, (2) at the request of the teacher furnish a written statement of the specific reasons for considering termination *prior* to the time of the conference, and (3) hold the private conference.

The written statement of the specific reasons for *termination* was not furnished Mrs. Kruse until March 26 following the private conference of March 23. Such procedure was not in strict compliance with section 279.13. The defect was not waived by plaintiff and constituted a violation of her statutory rights. Hence, we need not determine whether such procedural defect violated plaintiff's rights under the state constitution.

Plaintiff also maintains defendants' failure to furnish the written statement of specific reasons prior to the private conference violated her federal constitutional rights. In this connection *Scheelhaase*, 488 F.2d at 240 and *Courter*, 378 F.Supp. at 1193, in dealing with the federal constitutional question recognize that under Iowa law public teachers do not enjoy tenure, rather they are hired on a year-to-year basis. *Courter* interprets *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d

548, as declaring non-tenured school teachers do not have a constitutionally protected property interest in reemployment.

In the concurrence of Chief Justice Burger in *Sindermann* and *Roth*, referred to earlier, the Chief Justice points out that the central point in both decisions "is that the relationship between a state institution and one of its teachers is essentially a matter of state concern and state law." Iowa has by enactment of section 279.13 provided in those circumstances where a school board is considering termination of a teaching contract for a procedure affording the particular teacher opportunity for notice and hearing before actual termination. We need not discuss our view of plaintiff's rights under the federal constitution.

Since defendants did not strictly comply with the requirements of section 279.13 and did not terminate plaintiff's teaching contract the case must be returned to the district court for trial on damages.

The case is therefore

Reversed and remanded.

MOORE, C. J., and RAWLINGS, REES, HARRIS and McCORMICK, JJ., concur.

UHLENHOPP and LeGRAND, JJ., concur specially.

REYNOLDSON, J., takes no part.

UHLENHOPP, Justice (concurring specially).

I concur in the result and in all of the court's opinion except the sentence in division IV that the purpose of § 279.13 is to give the teacher an opportunity "to successfully argue" that his dismissal was arbitrary and capricious, "if he can prove" that the assigned reasons were trivial, etc. I fear that this sentence may be construed to mean that boards of directors do not have the final say on whether to renew or not to renew teachers' contracts. If boards do not have the final say, despite their desire not to renew, then we have in fact transformed § 279.13 into a teacher-tenure law. Had

the legislature intended to grant teachers tenure, I think it would have done so in clearer terms.

Two matters are involved here: a teacher's right to a *hearing* before the board votes not to renew his contract, and a board's right *not to renew* a contract. Quite a few of the decisions in this area deal with the first matter—whether procedural due process required a hearing under the facts of the particular case. We do not have that problem in Iowa, as § 279.13 gives the teacher a right to both a conference and a hearing in every case of nonrenewal (§ 279.24 gives a similar right in every case of discharge for cause). As to the second matter, the board's right not to renew, § 279.13 clearly gives the board the final decision and does not grant teacher tenure.

The first paragraph of § 279.13 provides that a teacher's contract of the kind which is before us may provide for a term of employment not exceeding the ensuing school year. The reason for this limitation on duration is explained in *Miner v. Lovilla Independent School Dist.*, 212 Iowa 973, 978, 234 N.W. 817, 819 ("it was enacted primarily for protecting the school district").

Section 279.13 goes on to require a board considering nonrenewal of a teacher's contract to inform the teacher in writing of the right to a private conference with the board. The teacher may in writing request the conference and also a written statement of the board's specific reasons for nonrenewal. After that statement is given and the conference is held, the directors may "by a majority vote of the elected membership of the board, cause said contract to be terminated by written notification of termination. . . ." § 279.13. Within a specified time the teacher may protest, whereupon the board must hold a public hearing. The section then provides, "Upon the conclusion of the hearing the board shall determine the question of continuance or discontinuance of the contract by a roll call vote entered in the minutes of the board, and *the action of the board shall be final*." (Italics added.)

The evident purpose of the procedural steps in § 279.13 is to enable the teacher to learn what is in the board's mind and to afford the teacher two opportunities to try to persuade the board to renew—the private conference and the public hearing. But the concluding provision of the statute remains that the ultimate action of the board "shall be final."

A special situation exists when a board does not renew the contract because of the teacher's having exercised a constitutional or statutory right—such as his right of free speech. *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570. The rationale of this principle is that "if the government could deny a benefit to a person because of his constitutionally protected speech or associations, his exercise of those freedoms would in effect be penalized and inhibited." Id. at 597, 92 S.Ct. at 2697, 33 L.Ed.2d at 577. Thus nonrenewal predicated on a teacher's having exercised a constitutional or statutory right cannot stand. See *Keyishian v. Board of Regents of New York*, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629; *Shelton v. Tucker*, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231. But teachers do not have a constitutional right to *tenure*, or a nonconstitutional right to it either in the absence of a statute giving it to them. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. We have no such statute. Compare opinion of district court in *Scheelhaase v. Central Community School Dist.*, 349 F.Supp. 988 (N.D.Iowa) (granting damages to an Iowa teacher on ground nonrenewal was "arbitrary and capricious"), with opinion of court of appeals in same case, 488 F.2d 237 (8 Cir.) (reversing the judgment).

I therefore do not concur in the sentence in question in the court's opinion in the present case.

LeGRAND, J., joins in this special concurrence.