In the Matter of SAC CITY BOARD OF EDUCATION, School District-Plaintiff-Appellee,

v.

George SCHERMERHORN, Teacher-Defendant-Appellant.

No. 2-69155.

Court of Appeals of Iowa.

Sept. 27, 1983.

Gerald L. Hammond and James L. Sayre of Dreher, Wilson, Adams, Jensen, Sayre & Gribble, Des Moines, for teacher-defendant-appellant.

Colin J. McCullough of McCullough Law Firm, Sac City, and Edgar H. Bittle and Patricia J. Martin of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for school district-plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL, and HAYDEN, JJ.

DONIELSON, Judge.

Defendant teacher appeals from the district court's ruling affirming the decision of plaintiff school board to terminate defendant's contract. He claims that 1) plaintiff violated the terms of the collective bargaining agreement in the procedure used to terminate his contract, and 2) the decision to terminate his contract was not supported by a preponderance of the evidence. We reverse:

On March 13, 1981, defendant was given notice that Robert Skinner, Jr., superintendent of the Sac City school district, would recommend to the school board that defendant's teaching contract should be terminated. The notice listed the following reasons for the recommendation:

1. Declining enrollment will permit assignment of your classroom position to other existing properly certificated teacher staff members who have more teaching experience.

2. Teaching experience in Sac Community School and experience in previous school districts is less than other similarly certificated secondary math teaching personnel.

3. Lack of state economic support of the school district requiring elimination of your teaching position.

4. Elimination of the 9th Grade Girls Basketball Program due to lack of need for the program, lack of or declining enrollment, and lack of economic support.

After a hearing, the school board accepted the superintendent's recommendation and terminated defendant's contract based on its findings that staff reduction in the math department was necessary due to declining enrollment. The board purportedly based its decision on the staff reduction procedures set forth in the collective bargaining agreement between the district and the teachers. The relevant provisions are set forth as follows:

## ARTICLE XVI PROCEDURES FOR STAFF REDUCTION

### A. *Layoffs.*

The Board shall have the right to determine when it is necessary to have a reduction of staff. Attrition will be used when possible.

In the event necessary reduction in staff cannot be adequately accomplished by attrition, and/or reassignment, those with emergency or temporary certification shall be laid off first.

If reduction in staff cannot be adequately accomplished in accordance with the above paragraph, the Board of Education shall lay off employees according to the following criteria:

Teaching experience in Sac Community Schools.

Relative skill and ability.

Teaching experience in other school systems.

Breadth and depth of certification endorsements and educational preparation.

The educational subject and grade levels in which cutbacks are being made.

The board's decision to terminate defendant's teaching contract was reversed by an adjudicator, but on judicial review the district court found that the evidence was sufficient to support the board's determination that a staff reduction was necessary. The court also found that the board's failure to consider all of the criteria for deciding who to lay off was not prejudicial to defendant, because the court's own application of the criteria established that defendant would be the person laid off if they were properly applied. Defendant brought this appeal.

█ The procedures to be employed in the termination of teacher contracts are contained in Iowa Code ch. 279; *see Fay v. Board of Directors of North-Linn Community School District,* 298 N.W.2d 345, 347 (Iowa Ct.App.1980). Judicial review of such proceedings is provided for in § 279.18 which states in part as follows:

The court shall reverse, modify or grant any other appropriate relief from the board decision or the adjudicator's decision equitable or legal and including declaratory relief if substantial rights of the petitioner have been prejudiced because the action is:

1. In violation of constitutional or statutory provisions; or

2. In excess of the statutory authority of the board or the adjudicator; or

3. In violation of a board rule or policy or contract; or

4. Made upon unlawful procedure; or

5. Affected by other error of law; or

6. Unsupported by a preponderance of the competent evidence in the record made before the board and the adjudicator when that record is viewed as a whole; or

7. Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

In reviewing the decision of the district court, we are limited to the correction of errors under the standards set forth above in Iowa Code § 279.18. *Olds v. Board of Education of Nashua Community School District,* 334 N.W.2d 765, 768 (Iowa Ct.App. 1983). "If our conclusion is the same as that of the district court, we affirm; if it is not, reversal may be in order." *Id.*

█ We conclude that the school board in this case violated the terms of the collective bargaining agreement when it terminated defendant's teaching contract. Article XVI(A) requires the application of various criteria to determine whose contract is to be terminated. These criteria include teaching experience in the Sac Community Schools and elsewhere and relative skill and ability among other criteria. It is clear from the record and admitted by the board that the only criterion applied in this case was teaching experience and that on that basis alone defendant's contract was terminated. We recognize that the board may not be required in every instance to apply all the listed criteria to determine whose contract should be terminated since all the

criteria may not necessarily be applicable in every case. We can discern no reason in this case, for example, for the board's failure to compare defendant's skill and ability to the other teachers of high school math, the department chosen for staff reduction. Relative skill and ability would certainly appear to be a relevant factor, yet the record contains no indication that defendant's skills were compared in any way to anyone else or that this factor was even considered at all. Although it is possible that the board determined that defendant and the other high school math teachers rated equally in the criteria other than teaching experience, the record contains nothing on which any such determination could have been made; in any event, as already stated, it is clear that teaching experience was the only factor considered by the board.[1]

Because the board failed to consider all the relevant criteria in its decision to terminate defendant's contract and thereby violated the staff reduction terms of the master contract, defendant's contract must be reinstated. *Ar-We-Va Community School District v. Long,* 292 N.W.2d 402, 405 (Iowa 1980). Because of our resolution of this issue, we need not and do not consider the other issues raised by defendant. The district court ruling is reversed and the adjudicator's order is affirmed.

REVERSED.

SACKETT, J., takes no part.

---

1. We reject the district court's conclusion that defendant was not prejudiced by the board's failure to consider all relevant criteria. The court made an independent finding that defendant's contract was rightfully terminated on the basis of a factor not considered by the board. Such a de novo finding clearly exceeds the limited scope of judicial review to be employed by the court in cases such as this. *See* Iowa Code § 279.18; *Board of Education of Fort Madison Community School District v. Youel,* 282 N.W.2d 677, 679–80 (Iowa 1979).