**Frank LIBE, Plaintiff-Appellant,**

**v.**

**BOARD OF EDUCATION OF the TWIN CEDARS COMMUNITY SCHOOL DISTRICT and The Twin Cedars Community School District, Defendants-Appellees.**

**No. 83–708.**

Court of Appeals of Iowa.

April 24, 1984.

James L. Sayre and Gerald L. Hammond of Sayre & Gribble, P.C., Des Moines, for plaintiff-appellant.

David H. Goldman and Kathleen A. Reimer of Black, Reimer & Goldman, Des Moines, for defendants-appellees.

Heard by OXBERGER, C.J., and DONIELSON and SNELL, JJ., but considered en banc.

DONIELSON, Judge.

Plaintiff appeals from the district court decision affirming termination of his teaching employment. He asserts that: (1) his termination was unsupported by a preponderance of the competent record evidence; and (2) the termination was in violation of

constitutional and statutory provisions, in excess of defendant board's statutory authority, made upon lawful procedure, and affected by other errors of law when based in part upon consideration of evidence concerning a polygraph given to the principal complainant. We affirm.

On May 7, 1982, plaintiff was served with notice by the school superintendent of his intent to recommend to the board of education the immediate termination of plaintiff's contract. The superintendent listed the following reasons for his recommendation in the notice directed to plaintiff:

1. You have engaged in a sexual relationship with one of your students.

2. In the process of giving this student rides home from school functions, you have engaged in kissing and petting in your parked car.

3. Your means of communication with this student have been unprofessional and inappropriate. (i.e., the use of letters.)

4. The contents of these communications have been unprofessional and inappropriate.

5. Your means of delivery of these communications has been unprofessional and inappropriate. (Dropping them into the student's lap during classtime.)

At the hearing before the board of education, the student testified that she had a relationship with plaintiff that involved discussion of personal problems, and gradually escalated in intensity, culminating in one act of sexual intercourse. Plaintiff denied those portions of her testimony characterizing their relationship as involving more than personal counseling and help with homework. He wrote to her, and subsequently destroyed, approximately fifteen letters which he described as counseling letters and the student described as love letters. Over appropriate objection evidence was admitted that the student had taken a polygraph test with results indicating that she was not deceptive when she stated that she had engaged in sexual in-

tercourse with plaintiff. The board's decision was affirmed by an adjudicator and by the district court, which found the evidence sufficient to support termination whether or not any weight was given to the polygraph evidence. This appeal followed.

This termination proceeding was brought under the authority of Iowa Code section 279.27:

> **Discharge of teacher.** A teacher may be discharged at any time during the contract year for just cause. The superintendent or the superintendent's designee, shall notify the teacher immediately that the superintendent will recommend in writing to the board at a regular or special meeting of the board held not more than fifteen days after notification has been given to the teacher that the teacher's continuing contract be terminated effective immediately following a decision of the board. The procedure for dismissal shall be as provided in sections 279.15(2) to 279.19. The superintendent may suspend a teacher under this section pending hearing and determination by the board.

We explained the statutory mechanism and our scope of review regarding teacher termination decisions in *Fay v. Board of Directors of North-Linn Community School District*, 298 N.W.2d 345, 347 (Iowa Ct. App.1980), and need not do so here again. In this case, no one contests the idea that plaintiff's alleged improper conduct, if proven by a preponderance of competent record evidence when the record is viewed as a whole (*see* Iowa Code § 279.18(6)), would constitute just cause justifying plaintiff's discharge under section 279.27.

I.

Plaintiff's primary argument appears to be that the board erroneously admitted into evidence and gave consideration to the results of a polygraph examination which purportedly indicated that complainant student was not being deceptive in alleging that she and plaintiff engaged in one act of sexual intercourse. We find no error in this regard. Initially, it must be noted that

school boards are not as restricted in receiving evidence as are regular courts of law. According to Iowa Code section 279.-16, "[t]he board shall not be bound by common law or statutory rules of evidence ..., but it shall hold the hearing in such manner as is best suited to ascertain and conserve the substantial rights of the parties." The fact that evidence would be inadmissible in a jury trial is no bar to its consideration in an administrative proceeding such as this if it is "the kind of evidence on which reasonably prudent persons are accustomed to rely for the conduct of their serious affairs." Iowa Code § 17A.14(1). Thus, for example, a school board is entitled to consider hearsay testimony in deciding whether to terminate a teacher's contract. *Fay*, 298 N.W.2d at 349.

■ Applying these principles to the present case, we conclude that the board was entitled to consider the polygraph results. First, the Iowa supreme court, while expressing reservations about the reliability of polygraph examinations, has not completely forbidden the introduction of such evidence in legal proceedings and has in fact stated that polygraph results "are of some value." *Matter of Fairbanks*, 287 N.W.2d 579, 582 (Iowa 1980). Thus, if such evidence is admissible under limited circumstances in courts of law where the common law and statutory rules of evidence are fully applicable, it is surely admissible in school board hearings such as in this case where those evidentiary rules are greatly relaxed.

■ In any event, we are convinced that plaintiff was not unduly prejudiced by the introduction of this evidence. The polygraph examiner testified before the board that the test results, though indicating that complainant was truthful in her statements, were certainly not conclusive. In its findings and conclusions, the board stated that it was mindful of the non-conclusive nature of this evidence and concluded only that the test results gave "some indication" that complainant was being truthful. The limited consideration given to this evidence by the board is within the permissible limits set forth in *Fairbanks* and indicates that the board viewed it as merely supportive of the other record evidence on which it based its decision to terminate plaintiff's contract. We find no reversible error in this regard.

II.

Plaintiff also claims that the decision of the school board, which was affirmed by the adjudicator and the district court, is not supported by a preponderance of competent record evidence. We disagree. This issue boils down to a question of credibility —complainant's testimony supported the allegations against plaintiff, while plaintiff denied any wrongdoing or improper conduct. "In its decision making process, the Board must weigh the evidence and the credibility of the witnesses because only the Board makes the findings of fact." *Fay*, 298 N.W.2d at 349.

■ In this case, after viewing the witnesses at the hearing and observing their demeanor, the board made specific findings of fact that complainant was a credible witness while plaintiff's testimony was "doubted and discounted because of the strong motivation and temptation he would have to lie about the matters with which he has been charged." The board was in a far superior position to determine this critical question of credibility than is this court. Plaintiff's explanation of this theory as to complainant's motivation to lie, though rather ingenious, is nothing more than sheer speculation. Plaintiff gives us no good reason for rejecting the board's conclusion that complainant's testimony was credible and we find none. Given that credibility finding, we agree with the district court's decision that the board's action in terminating plaintiff's contract was supported by a preponderance of the record evidence. We therefore affirm.

AFFIRMED.

All Judges concur except SNELL, J., who concurs in the result only, and OXBERGER, C.J., and HAYDEN, J., who dissent.

OXBERGER, Chief Judge (dissenting).

I respectfully dissent from the majority's opinion which concluded that the board was entitled to consider the polygraph results. The majority bases its opinion on the fact that evidentiary rules are relaxed in this type of administrative proceeding. I would reverse and remand to the agency for redetermination without this evidence.

First of all, the majority uses *Matter of Fairbanks* for the proposition that polygraph results "are of some value." However, in that administrative law case, the court affirmed the reinstatement of plaintiff who was discharged for failing to take a polygraph test regarding the disappearance of some tires. The court stated that "the potential for error and resulting implication of the innocent remain as grounds for continued judicial distrust of the polygraph until such time as scientific data establishes its reliability." Therefore, I believe absent demonstrated reliability we should not allow these results to be admitted in any sort of evidentiary capacity.

Secondly, the majority states that in any event the plaintiff was not prejudiced because the polygraph examiner stated that the results were not conclusive and the board was mindful of that fact. However, even with the caution by the examiner, the poison of the results still remain. *Cf. State v. Green*, 254 Iowa 1379, 121 N.W.2d 89, 91 (1963). In a case such as this, where a major determining factor in the ruling has been the credibility of one witness over another, I do not believe that "substantial rights of the parties" can be preserved by allowing into evidence an inconclusive polygraph result which was objected to during the proceedings.

In view of the fact that the supreme court has voiced its distrust of such results, I do not agree that this proceeding can come clean of this taint without a reversal and remand for further consideration absent the polygraph results.

HAYDEN, J., joins in this dissent.