Robert J. HURTADO, Appellee,

v.

**IOWA DEPARTMENT OF JOB SER-VICE and Mead Containers d/b/a Waterloo Corrugated Box, Appellants.**

No. 85–1040.

Supreme Court of Iowa.

Sept. 17, 1986.

Walter F. Maley, Blair H. Dewey and Joseph L. Bervid, Des Moines, for appellant Iowa Dept. of Job Service.

Cheryl L. Weber, Waterloo, for appellant Mead Containers d/b/a Waterloo Corrugated Box.

Kay Delafield, Waterloo, for appellee.

Considered by REYNOLDSON, C.J., and LARSON, SCHULTZ, CARTER, and WOLLE, JJ.

CARTER, Justice.

Mead Containers (Mead), the employer of petitioner, Robert J. Hurtado, and Iowa Department of Job Service (the agency) appeal from the district court's determination that conduct causing petitioner's discharge was not disqualifying misconduct for purposes of unemployment benefits. The court of appeals affirmed the district court, and we granted further review.

The evidence presented before the agency indicates petitioner was a fourteen-year employee of Mead prior to being discharged on September 21, 1984. The work rules contained in the collective bargaining agreement between Mead and the union of which petitioner was a member provided that "deliberate sleeping on duty" was cause for immediate discharge. On September 14, 1983, petitioner was discovered sleeping on the job by supervisory personnel. A notation of that occurrence was placed in his employment file, but he was not discharged. On September 21, 1984, he was discovered sleeping in a restroom by supervisory employees about one and one-half hours after reporting for work. Based on this violation of the work rules, petitioner's employment was terminated effective that date.

Petitioner's subsequent claim for unemployment benefits was denied by an agency claims deputy based on the misconduct disqualification contained in Iowa Code section 96.5(2) (1983). Petitioner appealed that decision to an agency hearing officer. He testified his sleeping was the result of job-related fatigue caused by working several consecutive twelve-hour days and lack of

sleep from an injured back and diseased gums. He testified that recurring back pain and discomfort associated with diseased gums had motivated him to lie down to rest his back. He indicated this circumstance permitted him to unintentionally fall asleep.

The hearing officer issued a written decision finding that petitioner was guilty of deliberate sleeping on the job in violation of company work rules. He concluded that this was disqualifying misconduct under agency rules. The decision of the hearing officer was adopted as the final agency decision by the appeals board. The appeal to the district court and its resulting reversal of the agency followed. Other facts necessary to our determination of the appeal will be discussed in connection with our consideration of the legal issues presented.

I. *Validity of District Court's Finding That Claimant's Actions Did Not, as a Matter of Law, Constitute Misconduct Under Section 96.5(2).*

Appellants' primary contention on appeal is that the district court erred in its determination that the acts which caused petitioner's discharge did not constitute disqualifying misconduct under section 96.-5(2). They correctly assert that, because the agency ostensibly reached the opposite conclusion on the facts, the court was required to find for the petitioner as a matter of law in order to upset the agency's decision.

Cases involving misconduct under the employment security laws are not concerned with the available grounds for discharge under the contract of hire. The inquiry is whether the facts establish grounds for disqualification from unemployment benefits under Iowa Code section 96.5(2). That statute provides that persons are disqualified for unemployment benefits if it is determined that they have been discharged for misconduct in connection with their employment. For purposes of applying this statutory disqualification, the regulations of the agency define misconduct as:

[A] deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

370 Iowa Admin. Code § 4.32(1)(a). We have accepted this definition as accurately reflecting the intent of the legislature. *Huntoon v. Iowa Department of Job Service,* 275 N.W.2d 445, 448 (Iowa), *cert. denied,* 444 U.S. 852, 100 S.Ct. 105, 62 L.Ed.2d 68 (1979).

A companion regulation provides that the employer bears the burden of proof in establishing misconduct for purposes of the statutory disqualification. 370 Iowa Admin. Code § 4.32(4). *See Billingsley v. Iowa Department of Job Service,* 338 N.W.2d 538, 540 (Iowa Ct.App.1983). In stating his version of the facts, petitioner does not dispute the employer's evidence that he was found sleeping on the job approximately one and one-half hours after reporting for work. Nor does his legal argument refute the position of the agency and the employer that willful sleeping on the job in violation of work rules *can* constitute misconduct under the applicable statute and regulations. He urges that a finding of disqualifying misconduct is not

warranted in the present case because the act of sleeping was a consequence of job fatigue from a combination of several twelve-hour work days and loss of sleep during off hours because of recurring back pain and bleeding gums. Under these circumstances, he argues, the conduct did not manifest the degree of wrongful intent or evil design required for disqualification under 370 Iowa Administrative Code § 4.32(1)(a).

Although we accept petitioner's argument that the agency, as fact finder, could determine on the evidence he presented that his actions were not disqualifying misconduct, we cannot accept the view of the district court or the court of appeals that the agency was compelled as a matter of law to render such a finding. It was not compelled to so find, we believe, for two reasons. First, it need not have accepted as a verity petitioner's testimony concerning the reasons why he was sleeping on the job. Second, even if petitioner's statement of reasons was believed, the agency might still have found that his unilateral and undisclosed decision to rest his fatigued body at the time and place in question was, nevertheless, a willful or wanton disregard of the employer's interest. Considering the record before the agency as a whole, we conclude the district court and the court of appeals were not justified in resolving the issue of petitioner's benefit eligibility as a matter of law.

II. *Sufficiency of Agency Findings With Regard to Facts Alleged to Constitute Disqualifying Misconduct.*

We next consider whether the findings of fact contained in the final agency decision adequately resolved the conflicting claims with regard to the allegedly disqualifying misconduct. The district court believed the agency findings were deficient with regard to crucial issues.

Iowa Code section 17A.16(1) (1983) provides that both a proposed and a final agency decision "shall be accompanied by a concise and explicit statement of underlying facts supporting the findings." In the present case, the fighting issue is the weight to be accorded petitioner's contentions that his conduct was the result of job-related fatigue aggravated by health problems, and, consequently, was not sufficiently culpable to warrant his disqualification from unemployment benefits. Petitioner urges that the record fails to show the hearing officer adequately considered his version of the facts.

The absence of an express disposition of a material factual issue in an agency decision may be excused on judicial review if it is clear from the context of the issues considered and the disposition of the case what the finding was on that issue. In these situations, the result telegraphs the findings made on the material elements. As we have indicated, petitioner's showing is not insufficient as a matter of law. His contentions were sufficiently cognizable to require that they be considered, evaluated, and adjudicated by the agency. We believe, however, that record is sufficient to demonstrate that they were considered and rejected as factually inadequate. The agency's decision recited that it had heard and considered all of the evidence and claims made. It then concluded that

> [t]he conduct of the claimant was contrary to and not in the best interests of the employer. The claimant's actions in sleeping while on duty show a willful and deliberate disregard of the standards of behavior which an employer has the right to expect from its employees and is therefore job misconduct within the meaning of [section 96.5(2)(a)] of the Iowa Code. Misconduct was alleged by the employer as the reason for discharge and misconduct has been established by the record.

We conclude the findings are sufficient to support the disqualification and the evidence is sufficient to support the findings. The decision of the court of appeals is vacated. The decision of the district court is reversed.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED.