Jerry E. LARSEN, Plaintiff–Appellant,

v.

The OAKLAND COMMUNITY SCHOOL DISTRICT, Defendant–Appellee.

No. 86–1557.

Court of Appeals of Iowa.

Sept. 30, 1987.

Richard D. Crotty, Council Bluffs, for plaintiff-appellant.

Curtis Hewett of Smith, Peterson, Beckman & Willson, Council Bluffs, for defendant-appellee.

Heard by SNELL, P.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

Plaintiff Jerry Larsen appeals from the district court's order upholding termination of his teaching contract with Defendant Oakland Community School District. Larsen contends (1) his termination was not proper because the school board failed to make a final determination about Larsen's teaching contract within the statutorily provided time as required by Iowa Code section 279.16 (1985), (2) the school board did not act as an impartial decisionmaker,

and (3) there was insufficient evidence to support the school board's stated budgetary reasons for Larsen's termination. We affirm.

Larsen was an art teacher and coach with the Oakland Community School District. His employment with the district commenced in the fall of 1983.

On March 12, 1985, the Superintendent of the Oakland Community School District served upon Larsen a notice of recommendation to terminate Larsen's teaching contract at the end of the 1984–85 school year.

Larsen requested a private hearing before the school board. A private hearing was held on April 1, 1985. On April 3, 1985, the school board held a special meeting, went into closed session to discuss Larsen's contract, returned to open session and set a special meeting for Monday, April 8, 1985, to vote on Larsen's contract. At the April 8, 1985, meeting the school board voted that Larsen's contract be terminated. On April 9, 1985, a "Notice of Termination of Teacher's Continuing Contract" was mailed to Larsen along with the school board's findings of fact, conclusions of law and decision.

Larsen filed a petition for judicial review in Pottawattamie District Court pursuant to Iowa Code section 279.18 (1985). The district court upheld the termination. This appeal followed.

### I.

In reviewing a decision of the district court in a teacher termination case, this court is limited to the correction of errors of law. *Sac City Bd. of Educ. v. Schermerhorn,* 340 N.W.2d 789, 791 (Iowa App.1983). Our task is to make anew the determination of the district court based on the grounds of review listed in Iowa Code section 279.18 (1987) governing judicial review by either party. *Board of Directors v. Sexton,* 334 N.W.2d 341, 343 (Iowa App. 1983); *Everett v. Board of Educ.,* 334 N.W.2d 320, 321 (Iowa App.1983).

Section 279.18 provides in material part:

In proceedings for judicial review of the adjudicator's decision, the court shall

not hear any further evidence but shall hear the case upon the certified record. In such judicial review, especially when considering the credibility of witnesses, the court shall give weight to the fact findings of the board; but shall not be bound by them. The court may affirm the adjudicator's decision or remand to the adjudicator or the board for further proceedings upon conditions determined by the court. The court shall reverse, modify, or grant any other appropriate relief from the board decision or the adjudicator's decision equitable or legal and including declaratory relief if substantial rights of the petitioner have been prejudiced because the action is:

1. *In violation of* constitutional or *statutory provisions;* or

2. In excess of the statutory authority of the board or the adjudicator; or

3. In violation of a board rule or policy or contract; or

4. *Made upon unlawful procedure;* or

5. *Affected by other error of law;* or

6. Unsupported by a preponderance of the competent evidence in the record made before the board and the adjudicator when that record is viewed as a whole; or

7. Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion. (emphasis added).

Our application of these standards for review leads us to the conclusion the district court should be affirmed.

## II.

Larsen contends the board's decision was not made within the statutorily mandated time.

■ The statutory procedures governing termination of teacher contracts are contained in Iowa Code chapter 279. *See Fay v. Board of Directors,* 298 N.W.2d 345, 347 (Iowa App.1980). A school board can only dismiss a teacher under a valid continuing contract by strict compliance with the statutory requirements of chapter 279. *Kruse*

*v. Board of Directors,* 231 N.W.2d 626, 632 (Iowa 1975).

■ Moreover, steps to be taken by a school board before terminating a teacher's contract must be taken at statutorily mandated dates and times. *Barrett v. Eastern Iowa Community College Dist.,* 221 N.W. 2d 781, 783 (Iowa 1974). *See Spilman v. Board of Directors,* 253 N.W.2d 593, 595 (Iowa 1977); *Flanders v. Waterloo Community School Dist.,* 217 N.W.2d 579, 581 (Iowa 1974). The Iowa Supreme Court has held that the substantial compliance rule is not applicable to time specifications regarding contract terminations in chapter 279. *Barrett,* 221 N.W.2d at 783. As such, a teacher's contract with a school district is *automatically continued* for the next school year unless the school board takes one of the following actions:

1. Modifies or terminates the contract by mutual agreement between the school board and teacher, or

2. Terminates the contract *"in accordance with provisions specified in [chapter 279]."*

Iowa Code § 279.13(2) (emphasis added).

Chapter 279 first requires the teacher receive notification of the recommendation to terminate his or her teaching contract and be afforded a private hearing with the school board before the contract can be terminated. Iowa Code § 279.15 (1987). Iowa Code section 279.16 (1987) specifies the procedure:

At the conclusion of the private hearing, the superintendent and the teacher may file written briefs and arguments with the board within three days or such other time as may be agreed upon.

If the teacher fails to timely request a private hearing or does not appear at the private hearing, *the board may proceed and make a determination upon the superintendent's recommendation, which determination in that case shall be not later than April 10,* or not later than *five days after the scheduled date for the private hearing,* whichever is applicable. The board shall convene in open session and by roll call vote deter-

mine the termination or continuance of the teacher's contract.

*Within five days after the private hearing, the board shall, in executive session, meet to make a final decision upon the recommendation and the evidence as herein provided.* The board shall also consider any written brief and arguments submitted by the superintendent and the teacher.

The record for a private hearing shall include:

1. All pleadings, motions and intermediate rulings.
2. All evidence received or considered and all other submissions.
3. A statement of all matters officially noticed.
4. All questions and offers of proof, objections and rulings thereon.
5. All findings, and exceptions.
6. Any decision, opinion, or conclusion by the board.

\* \* \* \* \* \*

The decision of the board shall be in writing and shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts and supporting the findings. Each conclusion of law shall be supported by cited authority or by reasoned opinion.

*When the board has reached a decision, opinion, or conclusion, it shall convene in open meeting and by roll call vote determine the continuance or discontinuance of the teacher's contract....* (emphasis added).

■ Larsen contends the district court should have reversed the termination of his contract because the school board's decision violated section 279.16. Specifically, Larsen contends the school board failed to make a final decision within five days after Larsen's private hearing. He claims section 279.16 requires a decision within five days of his private hearing. Because a formal vote was not taken until April 8, 1985, Larsen argues his contract was automatically continued for the following year.

The school district argues its decision on April 8, 1985, was timely because (1) section 279.16 only requires that the school board *meet* within five days, and (2) the deadline for making a determination, April 6, 1985, fell on a Saturday and Iowa's statutory construction rule, Iowa Code § 4.1(22) (1985), permits such deadline to be extended to the next regular business day, Monday, April 8, 1985.

The school district contends the language "within five days of the private hearing, the board shall, in executive session, meet to make a final decision" in section 279.16 is ambiguous as to what procedural deadline is being imposed on the school board: a deadline for holding a meeting or a deadline for determining whether to terminate the teacher's contract. The school district argues the correct interpretation is that the school board is only required to *meet* within five days of the private hearing. The school district argues because section 279.-16 also requires the school board to provide the teacher with a written findings of fact and conclusions of law, requiring the school board to issue a formal written opinion within the five-day deadline would be an unreasonable and unworkable interpretation of section 279.16. As such, the school district maintains that after the April 1, 1985, private hearing the school board followed statutory requirements by meeting on April 3, 1985, within the five-day deadline, to begin its decisionmaking process. Therefore, since the school board's attorney had to prepare the written findings of fact and conclusions of law after the school board's closed session meeting of April 3, 1985, the school district maintains they acted properly and reasonably in voting to meet on April 8, 1985, to render a formal written opinion in open session.

■ The ultimate object in construing a statute is to discover the real purpose and meaning of the act *as a whole,* and to best accomplish such purpose the court must consider *all parts* of the enactment together. *Cedar Memorial Park Cemetery Ass'n v. Personnel Assocs., Inc.,* 178 N.W.2d 343, 350 (Iowa 1970). Every part

of a statute should be given effect if reasonably possible. *Boomhower v. Cerro Gordo County Bd. of Adjustment,* 163 N.W.2d 75, 76 (Iowa 1968). In considering legislative enactments the court should avoid constrained, impractical or absurd results. *See Welp v. Iowa Dep't of Revenue,* 333 N.W.2d 481, 483 (Iowa 1983).

The paragraph which precedes the one the school district cites establishes deadlines if the teacher does not request a private hearing or does not appear at the private hearing. That paragraph states the school board may make a determination upon the superintendent's recommendation if a teacher fails to request a private hearing or appear at a private hearing and such *"determination* shall be not later than April 10, or not later than five days after the scheduled date for the private hearing." Iowa Code § 279.16. While the statute clearly provides a time for the determination if there is no hearing, there is no mandated determination time if there is a hearing, only a time within which the board shall meet.

 While the general intent of the statute would dictate a decision be made in a relatively short time frame, it is reasonable to determine the legislature understood after a hearing was held the school board may need to meet in more than one session or day to have ample opportunity to fairly and completely consider the evidence and written briefs and arguments filed by the teacher. Consequently, it is neither unreasonable nor impractical to allow the board additional time when the teacher has appeared at the hearing and presented evidence. We determine the legislature in drafting the section provided for the time the meeting was to commence. The time necessary to meet and weigh the evidence after the meeting is commenced is not limited by statute nor is the time frame in which their decision must be made dictated by statute. These decisions are within the discretionary functions of the school board. In exercising the discretion the school board is bound to honor section 279.16, the purpose of which is to allow both the teacher and school time to plan ahead if there is

to be an end of the employment. *Ramey v. Des Moines Area Community College,* 216 N.W.2d 345, 348 (Iowa 1974). The purposes of the statutory time and date deadlines of chapter 279 are to provide comparative permanence in teaching positions unless either of the parties notifies the other of the termination and to allow the teacher and the school district to plan ahead if there is a termination. *See Kruse,* 231 N.W.2d at 631. Those legislative mandates must be followed and the school board's discretion cannot be arbitrarily exercised. Should a school board unreasonably delay a final decision, such action would have the end result of negating the very procedural safeguards chapter 279 was intended to establish.

 We determine the school board did not abuse its discretion in taking until April 8 to make a determination. The board met on a Wednesday, three days after the hearing. Only two school days (Thursday and Friday) passed between the first meeting and the meeting at which the decision was made. There were issues to consider and the board needed time to utilize the services of legal counsel. The time taken to make a decision was not so long as to defeat the mandate of terminating in a reasonable time to allow the school and teacher to plan ahead. *See Ramey,* 216 N.W.2d at 348. Had the teacher not appeared or not requested a hearing, the statute sets a decision date of April 10, a date two days after the board here had made their decision.

We affirm the trial court on this issue.

### III.

 Larsen next contends the board did not act as an impartial decisionmaker. School boards in matters of this kind exercise quasi-judicial functions. *Keith v. Community School Dist.,* 262 N.W.2d 249, 261 (Iowa 1978); *Courtright v. Consolidated Indep. School Dist.,* 203 Iowa 26, 30, 212 N.W. 368, 370 (1927). Administrative officers exercising judicial or quasi-judicial power are disqualified from sitting in a proceeding when they have a prejudicial interest in the case. *Keith,* 262 N.W.2d at

261. Larsen argues the board was not an impartial decision maker because the board on a prior occasion had appointed a committee to observe Larsen's teaching and one member of the committee was also a member of the board. The trial court determined there was no evidence that a member made a decision other than on the evidence presented at the hearing nor was there any evidence from which it could conclude the board was not fair and impartial. We find no evidence nor has Larsen directed us to any evidence showing the partiality of the challenged board member or of the board.

Larsen cites *Keith* as the only authority for his position. In *Keith* the termination procedure was instituted and carried forward solely on the school board's own motion. The superintendent had made no written or oral recommendations relative to renewal. *Keith*, 262 N.W.2d at 253. The court pointed out had the termination been commenced on the superintendent's or principal's recommendation, it may have been possible for the board to have been an impartial decision maker. *Id.* at 261. Additionally, the *Keith* court was clear in spelling out the fact they did not intend their decision to impair any authority the school board may have had under section 279.13 to make the final decision to renew or not to renew a teacher's contract when the procedural due process of the statute had been complied with. *Id.* This case was presented by the superintendent. We affirm the trial court on this issue.

## IV.

 Larsen' last contention is the termination lacks just cause. Larsen had less than two consecutive years of employment with the school district. Iowa Code section 279.19 (1985) provides:

> The first two consecutive years of employment of a teacher in the same school district are a probationary period. However, a board of directors may waive the probationary period for any teacher who previously has served a probationary period in another school district and the board may extend the probationary peri-

od for an additional year with the consent of the teacher.

In the case of the termination of a probationary teacher's contract, the provisions of sections 279.15 and 279.16 shall apply.

The board's decision shall be final and binding unless the termination was based upon an alleged violation of a constitutionally guaranteed right of the teacher or an alleged violation of public employee rights of the teacher under section 20.10.

Larsen does not contend his appeal is based on an alleged violation of a constitutionally guaranteed right or an alleged violation of his public employee rights under Iowa Code section 20.10. Therefore the decision of the board to terminate was final. *Stafford v. Valley Community School Dist.*, 328 N.W.2d 323, 327 (Iowa 1982).

AFFIRMED.