Richard BREKKE, Ann Brekke, Lonnie Hoien, Deborah Hoien, Steven Madden, Melissa Madden, Richard Meyer, Kathy Meyer, John Paul, Sharon Paul, Fay Preston, and Lynette Preston, Appellants,

v.

IOWA STATE BOARD OF EDUCATION, Appellee.

No. 88–1457.

Supreme Court of Iowa.

Dec. 20, 1989.

Rehearing Denied Jan. 22, 1990.

Mark S. Soldat, Algona, for appellants.

Thomas J. Miller, Atty. Gen., Ann Marie Brick and Christie Scase, Asst. Attys. Gen., for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

The appellants (petitioners) are parents of elementary school children who have challenged certain actions of the Iowa State Board of Education (the board) in this proceeding for judicial review of agency action under Iowa Code chapter 17A. Upon considering their arguments, we affirm the judgment of the district court.

In January 1988, Sentral Community School District entered into a whole-grade sharing agreement with the Burt Community School District. Under this arrangement students from both districts in grades six, seven, and eight would attend school in the Burt district, students from both districts in grades nine through twelve would attend school in the Sentral district, and students in grades kindergarten through fifth would attend school in the district of their residence. The sharing agreement was adopted pursuant to Iowa Code section 282.10(1) (Supp.1987). The duration of the sharing agreement was for three years.

Petitioners and their children live within the boundaries of the Sentral Community School District. The children are either scheduled to attend the school in their resident district throughout the duration of the sharing agreement, or are not due to attend any school during that three-year period.

Petitioners submitted letters to the board requesting that their children be excluded from the Sentral–Burt sharing agreement so that they could be sent to an adjoining school district not included in the sharing agreement. The letters suggested that the schools in the district in which the children resided and which they would attend would be adversely affected by the sharing agreement. The Sentral Community School District resisted these requests on the ground that petitioners' children were not affected by the whole-grade sharing agreement.

A proposed decision by the board's presiding officer, ultimately adopted by the board, rejected the petitioners' challenge on the ground that during the period of the sharing agreement none of their children would be forced to alter their present school attendance site as a consequence thereof. Petitioners requested a rehearing which the board denied without comment. On judicial review under chapter 17A, the district court affirmed the board's actions.

Petitioners urge that the district court erred by (1) not addressing the agency's failure to make explicit findings of fact and conclusions of law, (2) affirming the agency's use of procedures which had not been promulgated as rules, (3) not addressing the agency's failure to hold an evidentiary hearing, and (4) affirming the agency's construction of section 282.11 (Supp.1987). Petitioners characterize a fifth point—entitlement to attorney fees and expenses under Iowa Code sections 625.29(2) and (3) (1987) —as error; however, there is no agency or court action on that issue from which they appeal.

I.   *The Procedural Challenges.*

■   Petitioners' first three claims concern the procedures used in handling their challenges to the board's action. The first of these procedural complaints is that the board did not make explicit findings and conclusions in its dismissal ruling. We find no merit in this contention. The relevant, uncontested facts were spelled out. In addition, the applicable statute and its interpretation by the board in a prior contested case were noted. Finally, the findings and conclusions of the agency are easily deduced from the language of the board's order and its context. *See Hurtado v. Iowa Dep't of Job Serv.*, 393 N.W.2d 309, 311 (Iowa 1986); *Ward v. Iowa Dep't of Transp.*, 304 N.W.2d 236, 239 (Iowa 1981). Notwithstanding its brevity, the ruling appears to be "sufficiently certain to enable a reviewing court to ascertain with reasonable certainty the factual basis and legal

principle upon which the administrative body acted." *Erb v. Iowa State Bd. of Pub. Instruction,* 216 N.W.2d 339, 342 (Iowa 1974).

■ Petitioners' next procedural argument—absence of agency rules setting forth an appeal procedure—is also without merit. A whole-grade sharing agreement is entered into by school districts and signed by the school districts' boards of directors. *See* Iowa Code § 282.10. Parents may appeal a school district's action under section 282.11. This statute specifies that appeals are to the State Board of Education and does not direct the board to promulgate additional procedural rules governing such appeals. Iowa Code section 290.1 provides a process by which a person "aggrieved" by a board of directors of a school district may appeal the school district's action. Moreover, procedures for appeals pursuant to chapter 290 are governed by Iowa Administrative Code section 281.6. Given this statutory scheme, it is clear that an established procedure existed for section 282.11 appeals. Further, the record indicates that the specified procedure was followed up to and including the ruling to dismiss the appeals.

■ Petitioners' third procedural claim concerns an alleged right to an evidentiary hearing. The extent and nature of the hearing requirement for due process varies according to the needs of a given case. *Auxier v. Woodward State Hosp.–School,* 266 N.W.2d 139, 142 (Iowa 1978). In general, an evidentiary hearing is not required if there is no material fact in dispute. *Allegre v. Iowa State Bd. of Regents,* 349 N.W.2d 112, 114–16 (Iowa 1984). Under the board's interpretation of the statute, the outcome could properly be determined based on facts which were undisputed in the record. Thus, if the board was correct in that interpretation, petitioners have not been prejudiced from lack of an evidentiary hearing.

## II. *Whether Any Child of Petitioners is an "Affected Pupil."*

Petitioners' substantive claim concerns the meaning of "affected pupil" in section

282.11. They urge that, even though their children's school attendance site is not altered by the sharing agreement, the children are affected in other ways. They suggest that the children will be adversely affected as a result of rearrangement of school resources, curricula, and activities, as well as longer bus rides to transport all children in the two districts to the appropriate schools.

Notwithstanding the fact that the sharing agreement may affect petitioners' children in ways other than a disruption of their established school attendance site, we do not believe this circumstance gives petitioners the right to challenge the sharing plan under section 282.11. That statute provides in pertinent part:

> Within the thirty-day period prior to the signing of the agreement, the parent or guardian of an affected pupil *may appeal the sending of that pupil to the school district specified in the agreement,* to the state board of education. A parent or guardian may appeal on the basis that sending the pupil to school in the district specified in the agreement will not meet the educational program needs of the pupil, or the school in the school district to which the pupil will be sent is not appropriate because consideration was not given to geographical factors.

(Emphasis added.) In seeking a proper application of this statute to the facts of the present case, we must give effect not only to the language describing those persons who may appeal but also the language which describes the action which may be challenged. Within the latter context, appeals under section 282.11 must involve a challenge to "the sending of [the affected pupils] to the school district specified in the agreement."

■ The sending of a child to a particular school district is not the product of a sharing agreement unless the agreement specifies a change of attendance situs. If, as in the present case, the child would attend school at the same situs in the absence of the sharing agreement, the child is

not affected thereby for purposes of invoking an appeal under section 282.11.

Because, based on our disposition of the case, the petitioners have not prevailed either in whole or in part, we need not consider their claim for costs and attorney fees under Iowa Code sections 625.29(2) and (3) (1987). We have considered all arguments presented and conclude that the judgment of the district court should be affirmed.

AFFIRMED.