476 N.W.2d 335 (1991)
BOARD OF DIRECTORS OF FAIRFIELD COMMUNITY SCHOOL DISTRICT, Appellee,
v.
Herbert N. JUSTMANN, Appellant.
No. 90-1270.
Supreme Court of Iowa.
October 16, 1991.
*337 Myron L. Gookin of Foss, Kuiken & Gookin, P.C., Fairfield, for appellant.
Edgar H. Bittle and Ronald L. Peeler of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, Des Moines, and Gary L. Cameron of Parkin & Cameron, Fairfield, for appellee.
Considered by McGIVERIN, C.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.
SNELL, Justice.
After conducting a private hearing, the Fairfield Community School Board voted to terminate Herbert Justmann's teaching and coaching contracts based on its findings that he had solicited and engaged in sexual relations with one of his students, M.M. Pursuant to Iowa Code section 279.17 (1991), Justmann appealed the board's decision to an adjudicator, who reversed the termination decision. The school board petitioned for review of the adjudicator's decision in district court, and the district court reversed. We affirm the district court.
The record compiled at the school board hearing reveals that Justmann and M.M. enjoyed a close, personal relationship dating back to the fall of 1987, the date M.M. enrolled in Justmann's Driver's Education class. The two, however, vigorously disagree as to whether this relationship culminated in the seduction of M.M. as found by the school board.
In her testimony before the board, M.M. graphically recounted the details of the evening during which she and Justmann allegedly engaged in sexual intercourse. In support of M.M.'s version of the relationship, the superintendent of schools introduced a number of very compelling items of evidence. Included among these was a map crafted by Justmann that detailed the location of the Executive Inn of West Des Moines, the site of the alleged illicit rendezvous. Also offered was a hand-written birthday card from Justmann to M.M. with the inscription "to someone who's ever so special to me," and signed, "Someone you can always trust!! ... Ex. Inn." The balance of the superintendent's case consisted of Justmann's admission to two prior extra-marital affairs and corroborating hearsay testimony offered by M.M.'s minister (John D. Boatman), Fairfield High School's principal (Ralph Messerli), M.M.'s mother and one of M.M.'s fellow students.
Justmann concedes that he was a guest at the Executive Inn on the evening of May 6, 1988, the date of the alleged tryst, but denies that M.M. was also present. Justmann asserts that the reason for his stay was to meet a "long-time acquaintance," Al Huntzinger. Huntzinger testified that he and the appellant spent the night of May 6th together during which time they discussed various personal problems prevailing in their respective lives; however, Huntzinger was unable to recall whether the room was located on the first or second floor of the hotel. Justmann's version of the events is further supported by the testimony of a former student, Laura Waugh, who recalled meeting him and a "short man" in Des Moines sometime in early May. The balance of Justmann's case rested on corroborating hearsay testimony by his wife and Huntzinger's wife concerning their husbands' intent to go to Des Moines on the weekend in question as well as some adverse character evidence pertaining to M.M.
Justmann offers essentially three arguments for overturning the decision of the Fairfield School Board. First, it is contended that the board's action is "unsupported by a preponderance of the competent evidence in the record made before the board... when that record is viewed as a whole." Iowa Code § 279.18(6) (1991). Second, he argues that both the teacher termination process mandated by chapter 279 of the Iowa Code and the procedure observed in this particular case are violative of due process. Finally, it is suggested that the decision cannot stand because the board failed to observe the proper procedures for conducting the appellant's investigation and reporting its findings of fact.

*338 I. Sufficiency of the Evidence.

Our review of the record for the requisite quantum of evidence, pursuant to Iowa Code section 279.18(6), is at law for the correction of errors and not de novo. Board of Educ. v. Youel, 282 N.W.2d 677, 680 (Iowa 1979). This approach is consistent with the statutory mandate to confine judicial review to the certified record as compiled by the board. Iowa Code § 279.18. Our task is to examine the record and determine whether the board's factual findings are supported by a preponderance of the evidence offered. Iowa Code § 279.18(6). In making this determination, the statute urges us to "give weight to the fact findings of the board." Id.
While this case does not come to us under the Iowa Administrative Procedure Act, we are convinced that the appropriate degree of scrutiny is similar to that called for by the substantial evidence standard of the IAPA. See Youel, 282 N.W.2d at 679. As a consequence, the board's factual findings should normally be conclusive "when the facts are in dispute or when reasonable minds may differ on the inferences to be drawn from the evidence." Harlan v. Iowa Dep't of Job Serv., 350 N.W.2d 192, 193 (Iowa 1984) (applying the substantial evidence standard of the IAPA). In this way, we can be confident that the board, though possibly not completely assured of the truth of the matter, did find that the greater weight of the evidence presented favored their ultimate decision on the matter. See Bryan v. Chicago R.I. & Pac. Ry., 63 Iowa 464, 466, 19 N.W. 295, 296 (1884) (defining "preponderance of the evidence" standard).
As is true of judicial review of agency actions in general, this deference "is warranted by the presumably greater expertise an agency has over matters within its purview." Norland v. Iowa Dep't of Job Serv., 412 N.W.2d 904, 908 (Iowa 1987). This posture of deference is especially apropos to the case at hand since the board is uniquely situated to pass on the credibility of the various witnesses at the hearing. See Iowa Code § 279.18 ("especially when considering the credibility of witnesses, the court shall give weight to the fact findings of the board"); Libe v. Board of Educ., 350 N.W.2d 748, 750 (Iowa 1984) (board is in best position to adjudge credibility); see also Capitol Sav. & Loan Ass'n v. First Financial Sav. & Loan Ass'n, 364 N.W.2d 267, 271 (Iowa App.1984) ("[F]actual disputes depending heavily on the credibility of witnesses are best resolved by the trial court which has a better opportunity to evaluate credibility...."); In re Marriage of Moffatt, 279 N.W.2d 15, 17-18 (Iowa 1979) (noting that the factors bearing on credibility include frankness and demeanor).
Having established the proper role of the reviewing court on the subject of factual findings under chapter 279, we conclude that the board's decision must stand. The testimony by those purporting to have first-hand knowledge of the events in question was limited to that given by Justmann, Huntzinger, and M.M. Considering the record as a whole, it is entirely reasonable to accept M.M.'s testimony as accurate and, consequently, to discredit the testimony given by Justmann and Huntzinger. Huntzinger's testimony suffered from bias and lack of clarity as to the details of the evening in question, and Justmann's testimony was sufficiently discredited by the birthday card and the hand-written map discussed above. Given that the board's findings of fact are reasonable inferences when considering the record as a whole, we are satisfied that the quantum of evidence required by subparagraph six of section 279.18 has been met.

II. Due Process.

The gravamen of Justmann's two due process arguments is the existence of bias on the part of the Fairfield School Board. He first argues that under the current statutory framework wherein the board's chief employee, the superintendent, investigates and recommends that a given teacher be terminated, there is a substantial risk of prejudgment or bias by the board. Justmann contends that this risk renders the present teacher termination process violative of both the state and federal *339 due process clauses. In a related claim, he contends that the dictates of due process were not observed in this particular case because one of the witnesses for the superintendent, John D. Boatman, is a board member, albeit not a participating member in the case at hand. The board argues that these due process arguments were not properly preserved for appeal. Assuming without deciding that these issues were preserved, we disagree that either the state or federal constitution calls for a reversal of the board's decision on these bases.[1]
It is clear that the termination of Justmann's teaching contract invokes the protection of the due process clause insofar as it is a deprivation of property. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972) ("Property interests ... are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state lawrules or understandings that secure certain benefits and that support claims of entitlement to those benefits...."). Moreover, the dictates of due process do require a fair trial with an unbiased decision maker. Withrow v. Larkin, 421 U.S. 35, 46-7, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712, 723 (1975). However, an allegation of bias on the part of the administrative adjudicators "must overcome a presumption of honesty and integrity in those serving as adjudicators; and it must convince that, under a realistic appraisal of psychological tendencies and human weakness [the situation complained of] poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." Id. (Emphasis added.)
The United States Supreme Court has held that this "presumption of objectivity" is not overcome merely by showing that the administrative adjudicator has participated in a nonadversary, investigatory hearing prior to the adjudicative hearing. Id. at 55, 95 S.Ct. at 1468, 43 L.Ed.2d at 728. The Court noted that "the mere exposure to evidence presented in nonadversary, investigative procedures is insufficient in itself to impugn the fairness of the Board members at a later adversary hearing." Id. Similarly, the Court has held that the presumption is not rebutted by showing that school board members who voted to terminate the employment contracts of striking teachers also participated in the earlier unsuccessful renegotiation of those contracts. Hortonville Joint School Dist. No. 1 v. Hortonville Educ. Assoc., 426 U.S. 482, 497, 96 S.Ct. 2308, 2316, 49 L.Ed.2d 1, 11-12 (1976). Again, the Court explained that "mere familiarity with the facts of a case gained by an agency in the performance of its statutory role does not... disqualify a decision maker." Id. at 493, 96 S.Ct. at 2314, 49 L.Ed.2d at 9.
The most pertinent application of this "presumption of objectivity" is found in Lamb v. Panhandle Community School District No. 2, 826 F.2d 526 (7th Cir.1987). In Lamb, the school board's attorney served as prosecutor as well as advisor to the board during their closed-session deliberations. In addition, both the principal and the school superintendent testified against the appellant at the hearing and then also advised the board during their closed-session deliberations. The Lamb court held that the "combination of an advisory function with a hearing participant's prosecutorial or testimonial function does not create a per se facially unacceptable risk of bias." Id. at 529. The court concluded that additional, actual evidence of bias would be required to find a due process violation. Id. at 530.
In construing our state due process clause, we have also adopted a presumption of objectivity in decision making among administrative adjudicators, which is, however, somewhat more easily rebutted than *340 the presumption utilized by the federal courts. For example, in contrast to the Supreme Court's position in Withrow, we have held that where a school board conducts the sole investigation of the individual under question, the board cannot be presumed to have performed its adjudicatory function in an impartial manner. Keith v. Community School Dist., 262 N.W.2d 249, 260 (Iowa 1978). However, short of the situation wherein the agency adjudicator serves as the sole vehicle for the prehearing investigation, the presumption of objectivity will typically be determinative of the bias issue. Larsen v. Oakland Community School Dist., 416 N.W.2d 89, 95 (Iowa App.1987) (school board will not be deemed partial merely because board had previously appointed a committee, which included one board member, to observe teacher who was terminated).
Consequently, we conclude that neither the superintendent's role as prosecutor nor the nonparticipating board member's role as witness for the superintendent is sufficient to rebut the presumption of objective adjudication that a school board is entitled to in the absence of direct, compelling evidence to the contrary. The proceedings before the school board were consistent with both the federal and the state due process clauses.

III. Procedural Violations.

Justmann also challenges the board's decision on two "procedural" grounds. He first argues that because the investigatory procedures outlined in 281 Iowa Administrative Code, chapter 102, were allegedly not observed, the board's decision must be reversed pursuant to Iowa Code section 279.18(4), which requires reversal of board action made upon unlawful procedure. Iowa Code § 279.18(4). Second, Justmann contends that the board's findings of fact were not sufficiently detailed and did not specifically address the issue of credibility. Although it appears as though only the first of the two objections was preserved, we need not decide that issue since we conclude that neither objection is sustainable on the merits.
Section 279.18 of the Iowa Code requires a reviewing court to grant relief from a board decision only to the extent that "a substantial right of the petitioner [has] been prejudiced...." Iowa Code § 279.18. In the context of an agency adjudicatory proceeding, the only procedural violations that would prejudice a substantial right of the appellant are those violative of the due process clause. Since the investigatory regime detailed in 281 Iowa Administrative Code, chapter 102 is designed, not to afford accused persons due process, but to protect students, the appellant's claim that the alleged failure to properly investigate constituted "unlawful procedure" under section 279.18(4) must fail. 281 Iowa Admin. Code 102.1(280) ("It is the purpose and intent of these rules to create a uniform procedure for the reporting, investigation and disposition of allegations of abuse of students.... The scope of this policy is limited to protecting children....").
Factual findings as required by Iowa Code section 279.16 must be "sufficiently certain to enable a reviewing court to ascertain with reasonable certainty the factual basis ... upon which the administrative body acted." Brekke v. Iowa State Bd. of Educ., 449 N.W.2d 345, 346-47 (Iowa 1989) (citing Erb v. Iowa State Bd. of Pub. Instruction, 216 N.W.2d 339, 342 (Iowa 1974)). In this case the board's findings, though spare, are sufficient to apprise the reviewing court of the material, factual underpinnings that support the board's conclusion that there was just cause for termination of Justmann's teaching contract. The findings clearly indicate that the board found that he did solicit and thereafter engage in sexual intercourse with M.M. in the spring of 1988. In addition, the board's findings as to credibility are "easily deduced from the language of the board's order and its context." Id. We, therefore, conclude that the findings were adequate as a matter of law.
The decision of the district court is affirmed in all respects.
AFFIRMED.
NOTES
[1] We note that constitutional issues must be raised before state agencies in order to be preserved for judicial review under Iowa Code chapter 17A. See, e.g., Chauffeurs, Teamsters & Helpers Local Union 238 v. Iowa Civil Rights Comm'n, 394 N.W.2d 375 (Iowa 1986) (State Civil Rights Commission); Chicago & N.W. Transp. Co. v. Iowa Transp., 322 N.W.2d 273 (Iowa 1982) (Transportation Regulation Board).