**SOUTHEASTERN COMMUNITY COLLEGE, Appellee,**

v.

**Dennis KRIEGER, Appellant.**

**No. 94–1349.**

Court of Appeals of Iowa.

May 30, 1995.

Steven E. Ort of Bell, Hansen & Ort, P.C., New London, for appellant.

Terry D. Loeschen of Loeschen & Loeschen, Burlington, for appellee.

Heard by HABHAB, P.J., and CADY and HUITINK, JJ.

HUITINK, Judge.

Dennis Krieger appeals a district court decision reinstating the Southeastern Community College Board of Directors' decision to terminate his teaching contract. We affirm.

Krieger was the least senior of two welding instructors at the college. He taught welding to inmates at the Iowa State Penitentiary. The program was completely funded by the Iowa Department of Corrections.

On February 4, 1993, the college served a notice and recommendation to terminate Krieger's contract for excessive and unexcused absenteeism pursuant to Iowa Code section 279.27 (1991). Following an adverse decision by the college's board of directors, Krieger appealed to an adjudicator.

In April 1993 the college learned the department of corrections was considering terminating the welding program at the penitentiary due to lack of funds. On April 14, 1993, the college president served a second notice and recommendation to terminate Krieger's contract pursuant to Iowa Code section 279.15. The stated reason for the recommendation was "a lack of need for [Krieger's] services due to a failure of Iowa Department of Corrections to fund your program area." The notice also stated:

Due to your previous discharge by the Board of Directors on March 25, 1993, this notice and recommendation is contingent on your pending appeal from that discharge and is effective in the event you are reinstated to a contracted employee status.

On April 17, 1993, Krieger requested a private hearing on the section 279.15 termination. However, the parties mutually agreed to continue the hearing until after the appeal of the first termination was resolved. The adjudicator reversed the section 279.27 termination decision on August 4, 1993, and reinstated Krieger with back pay through the expiration of his contract on June 30. The adjudicator did not order the college to offer Krieger a contract for the 1993–1994 school year. The board did not appeal the decision.

The hearing on the section 279.15 termination was held on September 9, 1993. The college president testified funding for Krieger's class had been eliminated, no alternative funding was available, and Krieger's services were no longer needed. Krieger's supervisor confirmed the department of corrections' decision to eliminate funding for the welding program.

On September 23 the board issued its decision terminating Krieger's contract pursuant to section 279.15. Krieger appealed to an adjudicator who reversed the board's decision and ordered Krieger reinstated. The board rejected the adjudicator's decision and filed a petition for judicial review. On judicial review, the district court reversed the adjudicator's decision and reinstated the board's termination decision.

■ Our review of the district court's decision is limited to the correction of errors upon one or more of the standards set forth in Iowa Code section 279.18 (1991). *Board of Directors of Fairfield Community Sch. Dist. v. Justmann,* 476 N.W.2d 335, 338 (Iowa 1991). We examine only the certified record to determine whether the board's decision is supported by the preponderance of competent evidence. *Board of Directors of Starmont Community Sch. Dist. v. Banke,* 498 N.W.2d 697, 700–01 (Iowa 1993).

■ Krieger first contends the district court erred in finding that no violation of the master contract occurred which prejudiced his substantial rights. He argues the board was to consider *all* of the factors present in

section 8.2 of the master contract and make a specific finding on each one. We disagree.

Section 8.2 of the master contract states:

The administration, prior to making a recommendation in any discipline, program, service or combination of same, will consider the following factors:

1. Needs of the curricular offering and/or services

2. Student/staff ratios

3. Enrollment data

4. Appropriate financial information

5. Any other information deemed by the administration to be pertinent

■ However in some instance the board may not be required to apply all the listed factors to determine whose contract should be terminated as all factors may not be applicable. *Sac City Bd. of Educ. v. Schermerhorn,* 340 N.W.2d 789, 790–91 (Iowa App. 1983).

In this case it is clear the only applicable factor was the appropriate financial information. Funding for the welding program at the penitentiary was discontinued, no students were enrolled, thus no instructor was needed. Section 8.3 of the master contract, states in part:

Within a given discipline, program, service area, or combination of same, the employee to be retrenched shall be the least senior employee who is certified and approved to perform the assignment contemplated....

The college properly recommended termination of Krieger's contract, the least senior employee.

The district court concluded the board's failure to make an explicit reference to each of the factors did not substantially prejudice Krieger because the remaining factors were moot in light of the discontinuation of funding. We agree with the court's conclusion and affirm on this issue.

Krieger also contends the board's action was not supported by a preponderance of the evidence. We disagree.

■ The board decided not to renew Krieger's contract for just cause pursuant to Iowa Code section 279.15. The master con-

tract contained a provision that Krieger be notified of his retrenchment "no later than March 15 for the subsequent school year." However, this date was contrary to the statutory requirement.

■ Iowa Code sections 279.13 to 279.19 are written into teachers' contracts. *Shenandoah Educ. Ass'n v. Community Sch. Dist.,* 337 N.W.2d 477, 480 (Iowa 1983) (citing *Bruton v. Ames Community Sch. Dist.,* 291 N.W.2d 351, 354–55 (Iowa 1980)). The statutory notification date for retrenchment was April 30, for the subsequent year. Iowa Code § 279.15(1) (1991), as amended by 1992 Acts ch. 1227, sec. 18, effective July 1, 1992. Krieger signed his contract on September 8, 1992, therefore the controlling notification date was April 30, 1993.

■ The president of the college has the initial burden of proving just cause. *Board of Educ. of Fort Madison Community Sch. Dist. v. Youel,* 282 N.W.2d 677, 680 (Iowa 1979). Just cause may be based upon personnel and budgetary requirements and does not require evidence of teacher fault. *Smith v. Board of Educ. of Mediapolis Sch. Dist.,* 334 N.W.2d 150, 152 (Iowa 1983).

■ The record before the board established the department of corrections was solely responsible for funding the welding program at the penitentiary. A letter dated April 14, 1993, from the acting warden to the college indicated that funding for the program would likely be eliminated. A September 7, 1993, affidavit from the acting warden confirmed the discontinuation of funding at the end of the 1992–1993 school year.

As of the hearing date, September 9, 1993, there was no welding program at the penitentiary. Krieger offered no evidence to the contrary. The decision of the board terminating Krieger for just cause was supported by a preponderance of the competent evidence. Iowa Code § 279.18. The district court is affirmed on this issue.

■ Finally Krieger contends the board's action was arbitrary, unreasonable or capricious, or characterized by an abuse of discretion. He claims he was denied due process because he did not receive a hearing as af-

forded him under section 279.15 prior to the board's determination to terminate his contract. We disagree.

The adjudicator's decision on the section 279.27 termination which reinstated Kreiger retroactive to March 25, 1993, was issued on August 4. Krieger was made whole for the losses suffered and was therefore employed by the college through June 30.

The president was required to notify Krieger, prior to April 30, that his contract would be terminated due to the likelihood funding would be eliminated. Krieger received notice on April 14, and the notice stated the reason for the termination. The parties mutually agreed to continue the section 279.15(2) hearing until after the adjudicator issued a decision on the 279.27 termination.

Krieger's hearing pursuant to section 279.15(2) was held on September 9. The record before the board as of that hearing clearly showed funding for the welding program had been eliminated. The record also indicated Krieger's termination was necessary to conform with the college's budgeting needs. *See Smith*, 334 N.W.2d at 152.

Krieger also claims he did not receive a fair hearing before an impartial decisionmaker. However, a valid claim of lack of impartiality must result from a showing of actual, rather than potential, bias. *Larsen v. Oakland Community Sch. Dist.*, 416 N.W.2d 89, 95 (Iowa App.1987). Krieger offers no evidence of the board's actual bias. In both instances the terminations were commenced on the college president's recommendations. Although the board made the decision to terminate Krieger in the first instance, this does not, by itself, impair the board's authority to make a final decision on the second termination action. *See id.*

Furthermore, the district court concluded counsel for the board asked the board members at the hearing if there was any reason why they could not be impartial decisionmakers. The board gave no reason, and Krieger made no objection to the question or the board's lack of response.

After our limited review, we determine the district court was correct in reversing the adjudicator's decision and reinstating the board of director's decision to terminate Krieger pursuant to section 279.15. The district court is affirmed. Costs of this appeal are assessed to Krieger.

**AFFIRMED.**